STATE OF CONNECTICUT *v.* CONSTANTINE MORANT
(5449)

DUPONT, C. J., BIELUCH and NORCOTT, Js.

Argued October 5, 1987—decision released February 2, 1988

*John W. Watson,* assistant public defender, with whom, on the brief, was *Joette Katz,* public defender, for the appellant (defendant).

*Leah Hawley,* deputy assistant state's attorney, for the appellee (state).

NORCOTT, J. In this appeal, the defendant claims that the trial court erred (1) in finding that the defendant's plea of guilty was knowingly, intelligently, and voluntarily entered, and (2) in failing to allow the defendant to withdraw his plea at sentencing. Because we find that the defendant's attempt to withdraw his plea was not afforded appropriate consideration by the trial court, we remand the case so that an evidentiary hearing may be held to determine whether the defendant should be allowed to withdraw his plea of guilty.

The following facts are relevant to this appeal. In the course of his trial on charges of injury or risk of injury to, or impairing morals of, a minor in violation of General Statutes § 53-21, and sexual assault in the second degree in violation of General Statutes § 53a-71, the defendant informed the court through counsel that he wished to withdraw his pleas of not guilty and enter a plea of guilty to the sole charge of injury or risk of injury to a minor. The state's attorney informed the court that no agreement had been made as to the sentence to be recommended or imposed, but that the state had agreed to drop the other charges pending against the defendant.[1] After assuring itself that the defendant was aware of the terms of the plea bargain, the

---

[1] The plea bargain included an agreement by the state's attorney to drop similar charges pending against the defendant in another case.

court informed the defendant that since the trial had already started he would not be able to withdraw the plea of guilty he was about to enter.[2]

The court then began to canvass the defendant to determine whether his plea was being entered knowingly and voluntarily. In the middle of the court's canvass, the defendant three times asserted that he did not do the acts which he was alleged to have committed. Faced with these protestations of innocence, the trial court initially refused to accept the defendant's guilty plea. After a brief colloquy with the defendant, however, the court continued its canvass.[3]

---

[2] The following colloquy took place: "The Court: And you also understand that if the Court accepts your plea there will be no chance for your plea to be vacated or withdrawn because this case has started a trial, and to allow you to withdraw your plea at some later time could constitute double jeopardy; and you would not be entitled to be tried again. So I'm sure no judge is going to allow you to withdraw your plea. So, I want you to be sure that your plea is voluntary. You understand that tomorrow or one week from now or one month from now won't do any good.

"Well, are we going to sentence him today? I don't want to sentence him tonight?

"Mr. Thomas: That's fine with me, your Honor.

"The Court: But your plea is not going to be withdrawn. And so no claim of—no claim that you have ineffective assistance of counsel or that you didn't know what you were doing or that your plea was not voluntary will do you any good to have your plea withdrawn at a future time. You understand that?

"The Defendant: Yes, your Honor.

"The Court: Okay."

[3] The relevant portion of the plea proceeding was as follows:

"The Defendant: Yes, your Honor.

"The Court: Are you satisfied—Do you know that the acts or unlawful— risk of injury means that you must do so willfully and unlawfully?

"The Defendant: Yes, your Honor.

"The Court: And willfully means an intent to do the act that you did.

"The Defendant: I didn't know all that, your Honor.

"The Court: What's that?

"The Defendant: I didn't know all that, your Honor. I am hearing that now.

"The Court: Unlawfully, you did it without right to do it.

"The Defendant: I still didn't do that, your Honor; but—

"The Court: What?

Upon the conclusion of the canvass, the trial court determined that the defendant's plea of guilty was, in fact, being entered knowingly and voluntarily. The court accepted the plea and ordered a presentence investigation of the defendant with a report to be prepared for the sentencing which was scheduled for September 9, 1985.

At the sentencing hearing, the court sentenced the defendant to ten years imprisonment suspended after

"The Defendant: I still didn't do that.

"The Court: Well, then I can't accept that.

"The Defendant: I still didn't do that.

"The Court: I cannot accept that plea of guilty.

"The Defendant: Your Honor, may I say something?

"The Court: Counselor, I cannot accept your plea of guilty. We will proceed with the trial. We will continue this until tomorrow morning.

"The Defendant: What I'm talking about is not that.

"The Court: Counsel, we will continue with the trial tomorrow. Bring the jury out. I cannot accept this plea.

"Defense Counsel: Your Honor, I think—

"The Court: I can understand your position.

"Defense Counsel: But I think he's—he's now clearer on what he was—

"The Court: If he's going to maintain that he did not do what I'm telling him, then he's not guilty.

"The Defendant: No, your Honor. I'm sorry to say that. I'm sorry to say that. I'm listening to what you say, but something one right here, I understand, sir. That's what I said, I didn't know that.

"The Court: For me to accept the plea of guilty, you have to admit that you did what you did.

"The Defendant: Yes, your Honor. Okay.

"The Court: If that's your plea of guilty.

"The Defendant: Yes, your Honor.

"The Court: And under 23—53-21, which deals with injury or risk of injury to a minor child, means that what you did, the act that you did which was likely to injury her health or impair her morals was done without right, unlawfully.

"The Defendant: Yes, your Honor.

"The Court: You understand that?

"The Defendant: Yes, your Honor.

"The Court: And it was done with the intent to commit the general intent to do wrong. Do you understand that?

"The Defendant: Yes, your Honor."

seven years with five years probation. Immediately after the imposition of sentence, the following colloquy took place:

"The Defendant: May I say something, your Honor?

"The Court: Well, go ahead.

"The Defendant: I had not pleaded guilty to this court on my own recognition. I was on a pressure force to plead guilty. It was the way to withdraw—

"The Court: Your transcript—your transcript to me shows otherwise, Mr. Morant.

"The Defendant: Your Honor, I—

"The Court: That's all right. You can—you can take that up with your next attorney if you want.

"The Defendant: Okay.

"The Court: But it's not appropriate at this time.

"Defense Counsel: Two things, your Honor.

"The Court: Please don't say anymore about it. It might make me sorry that I even gave you just seven suspended—I mean ten suspended after seven.

"Mr. Thomas: May the record reflect, your Honor, I believe the clerk is in the process of giving the defendant his notice of right to appeal and sentence review.

"The Court: Yes, you would give him his rights of appeal.

"The Clerk: He has that now.

"The Court: Excuse me, costs are not waived.

"The Defendant: Your Honor, I'm—your Honor, I—

"The Court: I don't want to hear anymore from you, Mr. Morant. Your case is over as far as—

"The Defendant: I'm appealing, your Honor.

"The Court: You can appeal, fine. There's nothing wrong with that. You can appeal.

"The Defendant: Please, let it know I'm appealing.

"The Court: You have a right to take an appeal. Leave this transcript of his in the file."

We begin our analysis by noting that "[A] plea of guilty is in effect a conviction and the equivalent of a finding of guilty by a jury. *Machibroda* v. *United States,* 368 U.S. 487, 493, 82 S. Ct. 510, 7 L. Ed. 2d 473 [1961]; *State* v. *Carta,* 90 Conn. 79, 81, 96 A. 411 [1916]. The entry of a plea of guilty waives the constitutional right to a trial by jury, the right to confront accusers, and the privilege against compulsory self-incrimination." *State* v. *Battle,* 170 Conn. 469, 473, 365 A.2d 1100 (1976); see also *Boykin* v. *Alabama,* 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969). "For this waiver to be valid under the Due Process Clause, it must be 'an intentional relinquishment or abandonment of a known right or privilege.' *Johnson* v. *Zerbst,* 304 U.S. 458, 464 [58 S. Ct. 1019, 82 L. Ed. 1461] (1938). Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void. Moreover, because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." *McCarthy* v. *United States,* 394 U.S. 459, 466, 89 S. Ct. 1166, 22 L. Ed. 2d 418 (1969).

Once a guilty plea has been entered, the proper procedure for challenging the knowing and voluntary nature of the plea is by a motion to withdraw the plea made to the trial court before the conclusion of the proceeding at which sentence is imposed. Practice Book § 720;[4]

---

[4] "[Practice Book] Sec. 720 ——WHEN ALLOWED.

"A defendant may withdraw his plea of guilty or nolo contendere as a matter of right until the plea has been accepted. After acceptance, the judi-

*State* v. *Schaeffer,* 5 Conn. App. 378, 385, 498 A.2d 134 (1985). Ordinarily, the failure to file such a motion "precludes review of claimed infirmities in the acceptance of a plea." *State* v. *Schaeffer,* supra. The state contends that the defendant failed to file a motion to withdraw the plea in this case. We find, however, that the defendant did assert in a timely fashion the claim that his guilty plea was involuntary. The trial court erred in not giving the defendant the opportunity to present that claim fully.[5]

The record in this case indicates that immediately after the defendant was sentenced but before the close of the sentencing proceeding the defendant informed the court that he had not entered his plea on his own "recognition." He also told the court that he had been "on a pressure force to plead guilty." Such statements are clearly allegations by the defendant that his plea had not been entered voluntarily.

Ordinarily, a defendant is not allowed to withdraw his plea of guilty, nor is he entitled to an evidentiary hearing to determine the voluntariness of his plea, merely because he makes a general allegation that his plea was involuntary. *State* v. *Torres,* 182 Conn. 176, 185, 438 A.2d 46 (1980). "In considering whether to hold an evidentiary hearing on a motion to withdraw a guilty plea the court may disregard any allegations of fact, whether contained in the motion or made in

cial authority shall allow the defendant to withdraw his plea upon proof of one of the grounds in Sec. 721. A defendant may not withdraw his plea after the conclusion of the proceeding at which the sentence was imposed."

[5] If the defendant's claim were true, he would have been entitled to withdraw his plea pursuant to Practice Book §§ 720 and 721. Practice Book § 721 provides in relevant part: "The grounds for allowing the defendant to withdraw his plea of guilty after acceptance are as follows: . . . (2) The plea was involuntary, or it was entered without knowledge of the nature of the charge or without knowledge that the sentence actually imposed could be imposed."

an offer of proof, which are either conclusory, vague or oblique. [Id.]" *State* v. *Lasher,* 190 Conn. 259, 266, 460 A.2d 970 (1983). In this case, however, we deem that the statements made by the defendant are sufficient to require the holding of an evidentiary hearing because the trial court effectively precluded the defendant from making any more specific allegations of fact.

We note that at the earlier plea proceeding the defendant was erroneously informed by the court that he could not under any circumstances withdraw his guilty plea.[6] It is reasonable to conclude that once the defendant was so informed, he would not assert a claim for withdrawal of his plea. The defendant attempted to assert the substance of his claim to the sentencing court but was interrupted. When the defendant attempted to respond to the court, he was told to take the matter up with his next attorney. After a brief interjection by the prosecuting attorney, the defendant tried once more to speak to the court. The court responded with a thinly veiled threat telling the defendant that if he heard anymore from him the court might be sorry that it sentenced him to *only* ten years suspended after seven. Understandably, the defendant failed to make more specific allegations of fact. Under these circumstances, the defendant should be given the opportunity to present evidence as to whether his plea of guilty might be withdrawn.

There is error, the case is remanded to the trial court for an evidentiary hearing to determine whether the defendant should be allowed to withdraw his plea of guilty. In the event that the trial court determines that the defendant should be allowed to withdraw his plea, the judgment is set aside and the case is remanded for further proceedings; in the event that the trial court determines that the defendant should not be allowed

---

[6] See footnote 2, supra.

to withdraw his plea, the judgment shall be amended to reflect that determination.

In this opinion the other judges concurred.