STATE OF CONNECTICUT *v.* CONSTANTINE MORANT
(7711)

BORDEN, SPALLONE and LAVERY, Js.

Argued November 15, 1989—decision released February 6, 1990

*Brian M. O'Connell,* for the appellant (defendant).

*Leah Hawley,* assistant state's attorney, with whom, on the brief, was *John Bailey,* state's attorney, and *James Thomas,* assistant state's attorney, for the appellee (state).

SPALLONE, J. The defendant appeals from the denial by the trial court, after remand, of his postsentencing motion to withdraw his plea of guilty to the charge of risk of injury to or impairing the morals of a child in violation of General Statutes § 53-21.

The facts of this case are detailed in *State* v. *Morant,* 13 Conn. App. 378, 536 A.2d 605 (1988). During the course of a trial on charges of risk of injury to a child and sexual assault in the second degree, the court, after

canvassing the defendant, accepted his plea of guilty to the crime of risk of injury. Id., 379–80. Before the conclusion of the sentencing proceeding, but immediately after the imposition of sentence,[1] the court refused to hear the defendant's protests that his change of plea was not voluntary. Id., 381–83. On appeal, this court found that the defendant's statements were a timely assertion of a motion to withdraw the plea. Id., 384. The case was therefore remanded to the trial court for "an evidentiary hearing to determine whether the defendant should be allowed to withdraw his plea of guilty." Id., 385.

Accordingly, the trial court upon remand conducted an evidentiary hearing and determined that the defendant failed to demonstrate that he should be allowed to withdraw his plea. On appeal, the defendant claims that the court (1) misapplied the standard of review by imposing the burden of proof upon the defendant, (2) erroneously denied the defendant's application to withdraw his guilty plea, and (3) failed to canvass the defendant properly before accepting his plea. We find no error.

The defendant first claims that he was erroneously required to bear the burden of demonstrating that his plea was invalid. This claim is manifestly without merit. The defendant at all times bears the burden of showing a plausible reason for the withdrawal. *State* v. *Crenshaw,* 210 Conn. 304, 309, 554 A.2d 1074 (1989); *State* v. *Slater,* 169 Conn. 38, 46, 362 A.2d 499 (1975). "To warrant consideration, the defendant must allege and provide facts which would justify permitting him to withdraw his plea . . . ." *State* v. *Deboben,* 187 Conn. 469, 474, 446 A.2d 828 (1982).

---

[1] The defendant was sentenced to ten years imprisonment suspended after seven years with five years probation. *State* v. *Morant,* 13 Conn. App. 378, 381–82, 536 A.2d 605 (1988).

Contrary to the defendant's claim that he was forced to assume a burden not constitutionally his, our remand actually *relieved* the defendant of a substantial portion of his burden. By directing the trial court to hold an evidentiary hearing on remand without requiring that the defendant first allege a plausible reason for withdrawing his plea, and without reviewing the record, we afforded the defendant more of an opportunity to argue his claim than he might have received had strict procedure been followed. See *State* v. *Torres,* 182 Conn. 176, 185–86, 438 A.2d 46 (1980) (evidentiary hearings necessary only if record does not conclusively determine validity of plea).

The defendant next claims that the court erred in denying his motion to withdraw his plea, pursuant to Practice Book § 721 (2), on the ground that his plea was involuntarily made. There is no merit to this claim. A guilty plea, once accepted, may be withdrawn only with the permission of the court. *State* v. *Rish,* 17 Conn. App. 447, 451, 553 A.2d 1145, cert. denied, 211 Conn. 802, 559 A.2d 1137, cert. denied,    U.S.   , 110 S. Ct. 72, 107 L. Ed. 2d 38 (1989). The court is required to permit the withdrawal of a guilty plea upon proof of any ground set forth in Practice Book § 721. *State* v. *Collins,* 207 Conn. 590, 597, 542 A.2d 1131 (1988); *State* v. *Lasher,* 190 Conn. 259, 265, 460 A.2d 970 (1983). Whether such proof is made is a question for the court in its sound discretion, and a denial of permission to withdraw is reversible only if that discretion has been abused. *State* v. *Crenshaw,* supra, 308–309; *Szarwak* v. *Warden,* 167 Conn. 10, 23, 355 A.2d 49 (1974).

The defendant claims that his plea was involuntary because, at the time of the plea canvass, he was suffering the intoxicating effects of prescribed medications and under pressure from his attorney to plead guilty. The court made specific factual findings on remand,

supported by the record, rejecting those factual claims. The court examined all the relevant circumstances of the canvass. See *State* v. *Wright,* 207 Conn. 276, 289, 542 A.2d 299 (1988). On the basis of the defendant's demeanor and speech, and on the timing of the medication dosages, the court concluded that the defendant failed to prove that his plea was in any way affected by his medication. The court also weighed the credibility of the defendant and his attorney in determining whether the defendant was pressured into making his plea. See *State* v. *Williams,* 16 Conn. App. 75, 78, 546 A.2d 943 (1988). The court held that the defendant's unsupported allegations of coercion were not worthy of belief and were less credible than his attorney's denials. The record, therefore, adequately supports the conclusion that the defendant's plea was entered with his full agreement and understanding. Accordingly, in its denial of the defendant's motion to withdraw his plea, the court acted properly and in accordance with applicable law.

Finally, the defendant claims that the court failed to canvass the defendant in the specific language of Practice Book § 712. This claim is raised for the first time on appeal and was not presented to or decided by the court on remand. We, therefore, decline to review this unpreserved claim as the record does not indicate that fundamental injustice was done, even if this was an error of constitutional proportions. *State* v. *Luca,* 19 Conn. App. 668, 671, 563 A.2d 752 (1989).

There is no error.

In this opinion the other judges concurred.