STATE OF CONNECTICUT *v.* BYRON ANDERSON
(8951)

DUPONT, C. J., FOTI and LAVERY, Js.

Argued September 26—decision released December 11, 1990

*Kent Drager,* assistant public defender, with whom, on the brief, was *G. Douglas Nash,* public defender, for the appellant (defendant).

*Leon F. Dalbec, Jr.,* deputy assistant state's attorney, with whom, on the brief, were *John M. Bailey,* state's attorney, and *Herbert Carlson,* senior assistant state's attorney, for the appellee (state).

LAVERY, J. The defendant appeals from his conviction and sentencing on a three count substitute information to which he entered a guilty plea to one count of sexual assault in the first degree in violation of General Statutes § 53a-70 (a), one count of burglary in violation of General Statutes § 53a-102 (a), and one count of sexual assault in the third degree in violation of General Statutes § 53a-72a (a) (1).

On appeal, the defendant raises two issues, first, that the trial court's failure to advise him that he was facing a mandatory minimum nonsuspendable sentence rendered his guilty pleas constitutionally invalid because they were not made knowingly and voluntarily and, second, that the trial court deprived him of the statutorily mandated notice of his right to seek review of his sentence. The defendant maintains that because of these alleged errors his case should be remanded and he should be allowed to withdraw his guilty pleas. In the alternative, the defendant seeks a remand of his

case with instructions to the trial court to give the defendant the requisite statutory notice and thirty days to file his application for sentence review. We disagree and affirm the trial court's judgment.

The facts relevant to the disposition of this appeal follow. The victims in this case are a married couple who at the time of the incident were living in the city of Bristol. On January 1, 1986, at approximately 1 a.m., the defendant forcibly entered the victims' apartment. After entering the apartment, the defendant began beating the male victim with a broomstick and told the female victim that he would continue beating her husband, and would also beat her, unless she had sexual intercourse with the defendant. The defendant then sexually assaulted the female victim three times, forced the male victim to perform fellatio, vandalized the victims' apartment, and finally left the apartment with the victims' money and VCR.

After being indicted on an eleven count information, the defendant entered into an agreement with the state to plead guilty to a substitute three count information. It was further agreed that there would be a cap of twenty years on the prison term and that the defendant could argue for a reduced sentence. The defendant entered regular guilty pleas on the counts of sexual assault in the first degree and burglary in the second degree and entered an *Alford*[1] plea to the count of sexual assault in the third degree. Pursuant to Practice

---

[1] Under *North Carolina* v. *Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), a criminal defendant may submit to being punished as if he were guilty of the crime charged without expressly admitting his guilt. *State* v. *Amarillo,* 198 Conn. 285, 314 n.17, 503 A.2d 146 (1986). By doing so, the defendant acknowledges that the state's case is so strong that he is willing to enter a guilty plea despite his unwillingness to admit his guilt. *State* v. *Palmer,* 196 Conn. 157, 169 n.3, 491 A.2d 1075 (1985).

Book § 711,[2] the trial court canvassed the defendant personally prior to accepting his guilty pleas.

I

The defendant first claims that his guilty pleas were not made knowingly and voluntarily because the trial court failed to advise him of the minimum mandatory nonsuspendable sentence that he faced on the count of sexual assault in the first degree under General Statutes § 53a-70.[3] The defendant maintains that the failure of the court to meet this requirement of Practice Book § 711 renders his guilty pleas constitutionally invalid.

Under Practice Book §§ 720 and 721, a defendant may withdraw his guilty plea on the ground of a deficient plea canvass only by bringing the deficiency to the court's attention prior to the conclusion of the sentence proceeding.[4] *State* v. *Morant,* 13 Conn. App. 378,

[2] Practice Book § 711 provides: "[PLEA OF GUILTY OR NOLO CONTENDERE—ACCEPTANCE]— —ADVICE TO DEFENDANT

"The judicial authority shall not accept the plea without first addressing the defendant personally and determining that he fully understands:

"(1) The nature of the charge to which the plea is offered;

"(2) The mandatory minimum sentence, if any;

"(3) The fact that the statute for the particular offense does not permit the sentence to be suspended;

"(4) The maximum possible sentence on the charge, including, if there are several charges, the maximum sentence possible from consecutive sentences and including, when applicable, the fact that a different or additional punishment may be authorized by reason of a previous conviction; and

"(5) The fact that he has the right to plead not guilty or to persist in that plea if it has already been made, and the fact that he has the right to be tried by a jury or a judge and that at that trial he has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself."

[3] General Statutes § 53a-70 (b) provides: "Sexual assault in the first degree is a class B felony for which one year of the sentence imposed may not be suspended or reduced by the court."

[4] Practice Book § 720 provides: "[WITHDRAWAL OF PLEA]——WHEN ALLOWED

"A defendant may withdraw his plea of guilty or nolo contendere as a matter of right until the plea has been accepted. After acceptance, the judi-

383–84, 536 A.2d 605 (1988). The failure to raise such a claim in a timely manner will ordinarily preclude review of the plea. Id.; *State* v. *Schaeffer,* 5 Conn. App. 378, 385, 498 A.2d 134 (1985). Even though the defendant failed to present this claim to the trial court, he argues that the claim is nevertheless reviewable under the exceptional circumstances doctrine articulated in *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973).

In *State* v. *Golding,* 213 Conn. 233, 567 A.2d 823 (1989), our Supreme Court reformulated the test of reviewability in *Evans.* The *Golding* court held that when a defendant fails to preserve his claim at trial he can prevail on that claim only if "all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." (Emphasis omitted.) Id., 239–40. When any one of these conditions are not met, the defendant cannot prevail. Id., 240. We may, therefore, focus our attention on whichever element is most relevant to the circumstances before us. Id.

---

cial authority shall allow the defendant to withdraw his plea upon proof of one of the grounds in Sec. 721. A defendant may not withdraw his plea after the conclusion of the proceeding at which the sentence was imposed."

Practice Book § 721 provides in relevant part: "[WITHDRAWAL OF PLEA]——GROUNDS

"The grounds for allowing the defendant to withdraw his plea of guilty after acceptance are as follows:

"(1) The plea was accepted without substantial compliance with Sec. 711;

"(2) The plea was involuntary, or it was entered without knowledge of the nature of the charge or without knowledge that the sentence actually imposed could be imposed;

"(3) The sentence exceeds that specified in a plea agreement on which the court had deferred its decision to accept or reject the agreement at the time the plea of guilty was entered . . . ."

In a case like this one, where the minimum mandatory nonsuspendable sentence for the crime to which the defendant pleads guilty is less than the sentence agreed to in the plea agreement, the failure of the trial court to advise the defendant of that mandatory sentence is not, in itself, a violation of the defendant's due process rights. *State* v. *Collins*, 207 Conn. 590, 595–96, 542 A.2d 1131 (1988); *State* v. *Wright*, 207 Conn. 276, 284–88, 542 A.2d 299 (1988).

Although the trial court is required under Practice Book § 711 to include the minimum mandatory sentence in its plea canvass, the record in this case reveals that the defendant's plea was intelligently and voluntarily made and that the maximum sentence that the defendant knew he was facing, pursuant to the plea agreement, was greater than the minimum sentence mandated by statute. Thus, the omission of that portion of the plea canvass, under the limited circumstances of this case, does not raise a claim of constitutional magnitude that would warrant our review of the defendant's claim under the *Evans-Golding* bypass doctrine.

## II

The defendant's second claim is that the trial court did not advise him of his statutory right to seek review of his sentence by the Sentence Review Division of the Superior Court. The defendant asserts that under General Statutes § 51-195 and the recent Connecticut Supreme Court case of *Staples* v. *Palten*, 214 Conn. 195, 571 A.2d 97 (1990), he had a right to sentence review.

General Statutes § 51-195 provides, inter alia, that sentence review shall be available to any person sentenced to confinement for three or more years. The statute outlines several exceptional circumstances where such review is not available, including sentences imposed as a result of the court's acceptance of a plea

agreement.[5] The defendant, in his brief, relies on the recent ruling by our Supreme Court in *Staples* v. *Palten,* supra, for support of his asserted entitlement to sentence review.

In *Staples,* the defendant pleaded guilty to reduced charges of assaulting a police officer and violating parole that were contained in a substitute information. Prior to entering his pleas, the defendant did not enter into a plea agreement with the state as to his sentencing. The defendant in *Staples* asserted that because there was no specific agreement as to his term of incarceration, he had not entered into a "plea agreement" under § 51-195 and his sentence was therefore subject to review.

Although not defined in the statute, *Staples* held that the term "plea agreement," as it was used in § 51-195, "means an agreement entailing a specific term of years." Id., 199. *Staples* further held that because the defendant did not agree to a specific term of years, the denial of sentence review in that case was inappropriate.

In the present case, the defendant maintains that his agreement with the state allowed for the imposition of a maximum sentence of twenty years with the right to argue for a lesser sentence, and thus his agreement was not for a specific term and did not constitute a

---

[5] General Statutes § 51-195 provides in relevant part: "APPLICATION FOR REVIEW OF SENTENCE. Any person sentenced on one or more counts of an information to a term of imprisonment for which the total sentence of all such counts amounts to confinement for three years or more, may, within thirty days from the date such sentence was imposed or if the offender received a suspended sentence with a maximum confinement of three years or more, within thirty days of revocation of such suspended sentence, except in any case in which a different sentence could not have been imposed or in any case in which the sentence or commitment imposed resulted from the court's acceptance of a plea agreement or in any case in which the sentence imposed was for a lesser term than was proposed in a plea agreement . . . ."

"plea agreement" under § 51-195. Because the case before us is clearly distinguishable from *Staples,* we cannot agree with the defendant's assertion. Unlike *Staples,* the defendant here did agree to a specific term of years. The defendant agreed to a term of twenty years and retained his right to argue for a lesser sentence. He understood, when he entered into the plea agreement, that his maximum sentence exposure of thirty-five years was reduced to twenty years as a part of that agreement. This factual distinction between this case and *Staples* is dispositive of the defendant's entitlement to sentence review. Here the plea agreement was not left open as to the maximum sentence term. The defendant knew that his potential sentence would not exceed twenty years.

The defendant's agreement to plead guilty to the three count substitute information in exchange for a sentence reduction from a potential thirty-five years to twenty years was of sufficient specificity to constitute a "plea agreement" and thus made him ineligible for sentence review.

The judgment is affirmed.

In this opinion the other judges concurred.