STATE OF CONNECTICUT *v.* EARL BADGETT
(8989)

DUPONT, C. J., DALY and FOTI, Js.

Argued October 29—decision released December 11, 1990

G. *Douglas Nash,* public defender, for the appellant (defendant).

*Frederick W. Fawcett,* assistant state's attorney, for the appellee (state).

DALY, J. The defendant appeals from the judgment convicting him of violating General Statutes § 21a-278 (b), prohibiting the sale of narcotics by a person who is not drug-dependent. The court rendered the judgment based on the defendant's plea of guilty, pursuant to the *Alford* doctrine.[1] The defendant claims that the trial court (1) improperly found that the defendant knowingly and voluntarily entered his guilty plea, and (2) should have allowed the defendant to withdraw his plea or, alternatively, should have conducted an evidentiary hearing when the defendant raised the issue before the sentencing. We conclude that the trial court should have considered the defendant's attempt to withdraw his guilty plea by conducting an evidentiary hearing.

The following facts are germane to this appeal. On July 18, 1989, the defendant was arraigned before the court, *Damiani, J.,* on a one count information charging him with the unlawful sale of narcotics by a per-

---

[1] Under *North Carolina* v. *Alford,* 400 U.S. 25, 35, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), a criminal defendant is not required to admit his guilt, but does consent to being punished as if he were guilty. *State* v. *Amarillo,* 198 Conn. 285, 314 n.17, 503 A.2d 146 (1986).

son who is not drug-dependent. After the defendant waived the reading of the information, he pleaded not guilty. On October 23, 1989, the defendant appeared before the court, *Ronan, J.,* to change his plea and enter a guilty plea under *Alford.*[2] The court's canvass indicated that the defendant understood that he was pleading guilty to General Statutes § 21a-278 (b) because the defendant affirmed that his counsel had explained it to him. No mention was made that this statute applied to persons who are not drug-dependent. The court also told the defendant that he could not withdraw his plea of guilty once it was accepted.

On November 13, 1989, during the sentencing proceeding, the following colloquy occurred:

"The Court: . . . Does your client wish to say anything?

"Mr. McIntosh: [Assistant Public Defender, Counsel for defendant]: If I may simply have a moment to inquire—Mr. Badgett does request to make a statement.

"The Court: What would you like to say Mr. Badgett?

"Mr. Badgett: I don't understand why I'm not drug-dependent when I am. I have sniffed a lot of cocaine in the last few years.

"The Court: You have already entered your plea. Your plea has been canvassed, Mr. Badgett. The time for that issue has passed."

Judge Ronan then proceeded to sentence the defendant to fifteen years imprisonment.

---

[2] The defendant was initially charged not only under General Statutes § 21a-278 (b), but also as a subsequent narcotics offender under General Statutes § 21a-277. As part of the plea bargain, the state nolled this subsequent narcotics offender charge. The defendant was told by the trial court that he would receive a fifteen year sentence before any canvass took place.

The defendant specifically claims that the plea canvass did not comply with Practice Book § 711,[3] and that the postplea sentencing proceeding did not comply with Practice Book § 720[4] because the defendant was not allowed to present his grounds for withdrawing his guilty plea under Practice Book § 721 (1) and (2).[5] The defendant argues that his statement to the court regarding his drug dependency was a timely request to reconsider whether his plea was knowing or voluntary under Practice Book §§ 720 and 721, and whether the plea canvass substantially complied with Practice Book § 711. We agree.

We begin our analysis by noting that once a guilty plea has been entered, ordinarily the procedure for challenging the plea is by a motion to withdraw the plea

---

[3] Section 711 provides: "The judicial authority shall not accept the plea without first addressing the defendant personally and determining that he fully understands:

"(1) The nature of the charge to which the plea is offered;

"(2) The mandatory minimum sentence, if any;

"(3) The fact that the statute for the particular offense does not permit the sentence to be suspended;

"(4) The maximum possible sentence on the charge . . . and

"(5) The fact that he has the right to plead not guilty or to persist in that plea if it has already been made, and the fact that he has the right to be tried by a jury or a judge and that at that trial he has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself."

[4] Section 720 provides: "A defendant may withdraw his plea of guilty or nolo contendere as a matter of right until the plea has been accepted. After acceptance, the judicial authority shall allow the defendant to withdraw his plea upon proof of one of the grounds in Sec. 721. A defendant may not withdraw his plea after the conclusion of the proceeding at which the sentence was imposed."

[5] Section 721 provides: "The grounds for allowing the defendant to withdraw his plea of guilty after acceptance are as follows:

"(1) The plea was accepted without substantial compliance with Sec. 711;

"(2) The plea was involuntary, or it was entered without knowledge of the nature of the charge or without knowledge that the sentence actually imposed could be imposed . . . ."

made to the court before the conclusion of the sentencing proceeding. Practice Book § 720; *State* v. *Anderson,* 23 Conn. App. 564, 567, 583 A.2d 142 (1990); *State* v. *Morant,* 13 Conn. App. 378, 383–84, 536 A.2d 605 (1988). A defendant is not entitled to withdraw his plea, nor is he entitled to an evidentiary hearing to determine the voluntariness of his plea merely because he makes a general allegation to the contrary. In considering whether to hold an evidentiary hearing on a motion to withdraw a guilty plea, the court may disregard any allegations of fact that are either conclusory, vague or oblique, whether contained in the motion or made in an offer of proof. *State* v. *Lasher,* 190 Conn. 259, 266, 460 A.2d 970 (1983).

In *State* v. *Morant,* supra, this court concluded that a defendant's statement, questioning the voluntariness of his plea, made after the sentence was imposed but before the termination of the proceedings was sufficient to require the holding of an evidentiary hearing. Id., 385. The court in *Morant* considered the defendant's statements made after the imposition of sentence as timely notice to the court that his plea may not have been voluntary, and thus constituted a constructive motion to withdraw the plea. See id., 383–84.

In the present case, the defendant clearly indicated to the court that he used narcotics, and he questioned why he was not being considered drug-dependent when he was drug-dependent. These statements were made before the imposition of sentence. Thus, as in *Morant,* the court had fair notice that the defendant may not have entered his plea voluntarily as mandated by Practice Book § 721 (2). Here, the court also had notice that the defendant may not have fully understood the nature of the crime with which he was charged as mandated by Practice Book § 711, or the fact that it carried a mandatory minimum sentence or that the defendant

may have entered his plea without knowledge of the nature of the charge as prescribed by Practice Book § 721 (2). See generally *State* v. *Hackett,* 16 Conn. App. 601, 602–603, 548 A.2d 16 (1988), and cases cited therein.[6] Both in *Morant* and here, the trial court foreclosed the defendant from making any other statements and abruptly ended further inquiry. We further note that here, as in *Morant,* the trial court improperly told the defendant that once his plea was accepted, it could not be withdrawn. Id., 385. Like *Morant,* this admonition could have stifled the defendant's exercise of his right to challenge or withdraw his plea. Thus, under the circumstances of this case, the defendant should have been given an opportunity to present evidence in accordance with Practice Book §§ 720 and 721.

This case is remanded to the trial court for an evidentiary hearing to determine whether the defendant should be allowed to withdraw his plea of guilty. If the trial court determines that the defendant should be so allowed, the judgment is reversed and the case is subject to further proceedings; if the trial court determines that the defendant should not be allowed to withdraw his plea, the judgment is affirmed.

In this opinion the other judges concurred.

---

[6] While it is true that the absence of drug dependency is not an element of the offense charged here under General Statutes § 21a-278 (b); *State* v. *Januszewski,* 182 Conn. 142, 165–66, 438 A.2d 679 (1980), cert. denied, 453 U.S. 922, 101 S. Ct. 3159, 69 L. Ed. 2d 1005 (1981); once the defendant has introduced substantial evidence to show dependency, the state is required to prove its absence beyond a reasonable doubt. Id.; *State* v. *McNeil,* 21 Conn. App. 519, 521, 574 A.2d 1314 (1990). A drug-dependent person is exempt from liability under General Statutes § 21a-278 (b); *State* v. *Luca,* 19 Conn. App. 668, 671, 563 A.2d 752 (1989); but may be liable under General Statutes § 21a-277 (a), the lesser included offense of § 21a-278 (b). *State* v. *McNeil,* supra, 523.