[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Application for review of sentence imposed by the Superior Court, Judicial District of Tolland. Docket #5658.
Atty. Jacqueline Wilson, Defense Counsel, for Petitioner.
Atty. Patricia Swords, State's Atty. for the State.
BY THE DIVISION
On October 12, 1989, the defendant pleaded guilty under the doctrine of Alford v. North Carolina to the crimes of risk of injury to a minor (General Statutes 53-21) and cruelty to persons (General Statutes 53-20). At the time of the plea, the state's attorney nolled an additional charge of accessory to assault 1st degree (General Statutes 53a-8 and 53a-59). Also, at that time, both the defendant and her attorney acknowledged the existence of a "plea arrangement" in which the state would recommend at the time of sentencing a sentence of ten years to serve on the risk of injury to a minor charge and one year to serve on the cruelty to persons charge, those sentences to run consecutively for a total effective sentence of eleven years. Both the defendant and her attorney also acknowledged on the record their understanding that the attorney would have the right to argue for a lesser sentence. The defendant also acknowledged that she understood that she would not have the right to withdraw her guilty plea if the sentencing judge imposed a sentence of eleven years or less.
At the time of sentencing, November 28, 1989, the state's attorney sought the penalties for these crimes as indicated above. The sentencing judge imposed a sentence of ten years to serve on the risk of injury to a minor charge and a sentence of one year on the cruelty to persons charge, to be served concurrently for a total effective sentence of ten years to serve.
A sentenced person is not entitled to a hearing before the Sentence Review Division where such person had agreed to a sentence of a specific term of years as part of a plea agreement even, as here, where the right to argue for a lesser sentence is retained. State v. Anderson, 23 Conn. App. 564, 571 (1990). See General Statutes 51-195. CT Page 6452
It is clear that there was a plea agreement in this case between the state and the defendant and that the sentencing judge imposed sentences within the parameters of that agreement.
Accordingly, the petition is dismissed for lack of jurisdiction.
PURTILL, J.