[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Date of Sentence February 26, 1987
Date of Application December 18, 1991
Date Application Filed December 18, 1991
Date of Decision May 26, 1992
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford.
Docket No. CR17-51386 (51937)
 Steven Moran, Assistant Public Defender for Petitioner
 Christopher Morano Assistant State's Attorney, for the State.
BY THE DIVISION
This request for sentence review comes to us by reason of our Supreme Court's decision in State v. Anderson,220 Conn. 400 (1991), which ruled that the reservation of a right to argue for a lesser sentence by the defendant did not constitute a "plea agreement" under Connecticut General Statutes Section 51-195(3). The decision reversed the Appellate Court in State v. Anderson, 23 Conn. App. 564
CT Page 5988 (1990) and permits sentence review in cases where the state and the defendant have agreed to a cap with the defendant reserving the right to argue for less. The petitioner maintains he cannot have his sentence increased by the division over the cap, and statutory law requires that it cannot be less than the minimum mandatory penalties of the crimes to which guilty pleas were entered. Connecticut General statutes Section 53a-35. In other words, we are limited to a sentence which, in this case, can be no less than one year and no more than twenty years. Thus, while the Supreme Court's ruling opens the door to sentence review in cases where there is a cap with a right to argue for less, the division (and the sentencing judge) is prohibited from exceeding the cap. Where the cap and the sentence imposed are the same, the petitioner can take advantage of the negotiated cap and, so long as it is not exceeded by the sentencing judge, then request our review and avoid, the risk of an increase in the sentence as ordinarily provided in Connecticut General Statutes Section 51-195. With those predicate limitations we then turn to the circumstances of the present case and the twenty year sentence imposed to examine if the factors set forth in Practice Book Section 942 have been met.
The petitioner plead guilty to sexual assault in the first degree Connecticut General statutes Section 53a-70, burglary in the second degree Connecticut General statutes Section 53a-102(a), and sexual assault in the third degree Connecticut General statutes Section 53a-72(a)(1). He received a sentence of twenty years on the first count and five years on the second and third count, all of which were to run concurrently.
On January 1, 1986 the victims, two young married adults were in their Bristol apartment. The wife was in bed asleep and the husband was watching television at 3:00 a.m. when the petitioner and two others knocked on the door and heated words were exchanged with the husband over the prior arrest of the petitioner for breaking into the husband's apartment a few weeks earlier. Apparently the victims knew the defendants as they, too, lived in the complex. What happened next was a savage rampage of sexual assaults on both victims. The husband was assaulted and forced into the bedroom with his wife. Petitioner ordered both victims to strip and engage in sexual intercourse while he watched. When the husband could not get an erection, petitioner beat him with a broom handle and attempted to insert it into the husband's rectum. Petitioner then forced intercourse on the wife, after which she went into the bathroom where he followed her and again forced intercourse on her. The CT Page 5989 husband was then attacked by the petitioner who held the broomstick behind the husband's head and forced him to perform fellatio on the petitioner. Petitioner then went into the living room where the wife was and again forced intercourse on the wife, at which point he ejaculated. The petitioner and a co-defendant then proceeded to trash the apartment and finally left after having taken some of the victims' personal items and some cash. The presentence report quotes the husband as saying, "I felt degraded and humiliated both emotionally and physically. My wife has left me and we will probably end up getting divorced over this thing."
Petitioner's prior record consists of misdemeanor offenses in North Carolina and Connecticut. Prior to the filing of the substituted information to which the petitioner entered his pleas, he was charged with three counts of sexual assault in the first degree, attempted sexual assault in the first degree, burglary in the first degree, conspiracy to commit burglary in the second degree, robbery in the second degree, conspiracy to commit robbery in the second degree, two counts of unlawful restraint in the first degree and criminal mischief in the second degree. At the time of his sentencing he was 27 years old.
While acknowledging the crimes were serious, petitioner's counsel claims they were not worthy of a full twenty year sentence and urges the division to reduce it to something less. Also, counsel maintains the petitioner knew the victims and that there was no forcible entry to the apartment. The state, on the other hand, points to the brutality of the offenses and the fact that the petitioner made a deal for no more than twenty years, and since he received a sentence within the agreed limit, he should stick with the deal.
The petitioner addressed the division and proceeded to list a litany of complaint about the management of his case by his lawyer and the court. He was advised that much of dissatisfaction more properly fell within a habeas petition or appeal. He then admitted he was there at the premises on the night these events occurred, but that no empirical evidence of sexual assaults was made available to him. However, we note he entered guilty pleas to the charges and no trial was held. He expressed some remorse at the time of his sentencing but if he still feels remorseful it was not manifested to the division in the course of his remarks.
Considering all factors presented in this case, the petitioner's criminal history, his character, the protection CT Page 5990 of the public interest and safety, especially the sheer brutality of the offenses, our review ordinarily would include serious consideration of a modification of the sentence to more than twenty years had the sentence been imposed after trial. We are compelled, however, to limit our determination to sustaining or reducing the sentence.
We find the sentence to be appropriate and proportionate under all of the circumstances and criteria by which it comes to the division for review.
The sentence is affirmed.
Stanley, J.
Purtill, J.
Klaczak, J.