[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I. FACTS
The petitioner, Craig Sequist, was charged with one count of Cruelty to Animals, in violation of General Statutes § 53-247
(a) in the judicial district of Hartford/New Britain at Enfield. In that case, the petitioner was represented by Attorney Robert O. Wynne. The petitioner was charged with an additional count of Cruelty to Animals were he represented himself. On March 13, 1995, the petitioner pled nolo contendere to both counts before the court (Sullivan, J.). The petitioner was sentenced on March 20, 1995 to two years, suspended after eight months. This sentence was below the agreed upon sentence of two years, suspended after one year.
The petitioner filed his petition on May 5, 1995. In it, the petitioner makes four claims: (1) that the plea agreement was not followed; (2) that he was erroneously informed by the trial court and his attorney that he could not withdraw his plea; (3) that he plead guilty on only one charge of cruelty to animals, and (4) that his plea was involuntary because he was under the influence of medication. The petitioner discharged his sentence on September 26, 1995.
On May 2, 1995, the habeas court (Sferrazza, J.), appointed the Office of the Chief Public Defender on behalf of the petitioner. The public defender has concluded that there is no non frivolous argument in support of the petitioner's claim. Consequently, the public defender has filed a motion and supporting memorandum to withdraw, requesting that the court withdraw the appearance of all public defenders.
II. DISCUSSION
The right to appointed counsel is available only where there CT Page 6969 is a non frivolous claim. Anders v. California, 386 U.S. 738,744-45 (1967); State v. Pasucci, 161 Conn. 382, 385, 288 A.2d 408
(1971); Practice Book section 952. "If [appointed] counsel finds [the petitioner's] case to be wholly frivolous, after a conscientious examination of it, [counsel] should so advise the court and request permission to withdraw." Anders v. California,
supra, 386 U.S. 744-45; State v. Pasucci, supra, 161 Conn. 385; Practice Book section 952. Such a request "must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. . . ." Anders v. California,
supra, 744-45; State v. Pasucci, supra, 385. The court then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. Anders v.California, supra, 744-45; State v. Pasucci, supra, 386.
If the court finds any of the legal points arguable on the merits, and, therefore, not frivolous, the court must afford the indigent the assistance of counsel. Anders v. California, supra, 744; See also State v. Pasucci, supra, 387 (adopting Anders
requirements).
It is well established that habeas corpus cannot be used as an alternative to a direct appeal. Payne v. Robinson, 207 Conn. 565,569, 541 A.2d 504 (1988); Galland v. Bronson, 204 Conn. 330,333, 527 A.2d 1192 (1987); Smith v. Barbieri, 29 Conn. App. 817,819, 618 A.2d 567 (1993). "[H]abeas review of constitutional claims never raised in the trial court, in violation of [the] rules of practice, would thrust too great a burden on [the] criminal justice system." Johnson v. Commissioner, 218 Conn. 403,417, 589 A.2d 1214 (1991).
To determine the reviewability of habeas claims not properly pursued on direct appeal, Connecticut applies the cause and prejudice standard articulated in Wainwright v. Sykes, 433 U.S. 72
(1977). The cause and prejudice standard requires the petitioner to make a showing of cause for the defendant's failure to raise his claim at the proper time at trial or on direct appeal and to make a showing of actual prejudice. Jackson v.Commissioner of Correction, 227 Conn. 124, 131-32, 629 A.2d 413
(1993).
A. The Plea Agreement
The petitioner claims that the plea agreement was not followed because the agreement called for a plea to one count of CT Page 6970 cruelty to animals with an eight month cap, all remaining counts dismissed, no fines and no probation. The movant argues that at trial, the state informed the court that the plea agreement called for a total effective sentence of two years, suspended after one year to serve as a cap and no agreement as to any conditions that the court might impose.
"`"When a guilty plea is induced by promises arising out of a plea bargaining agreement, fairness requires that such promises be fulfilled by the state. . . . The same concept of fairness ordinarily impels the court, in its discretion, either to accord specific performance of the agreement or to permit the opportunity to withdraw the guilty plea."'" (Citations omitted.) State v. Niblack, 220 Conn. 270, 283, 596 A.2d 407
(1991).
The record demonstrates that the plea agreement was two years suspended after one, as the movant has alleged. (Transcript of March 13, 1995, pp. 4, 9-10). Additionally, the record shows that the petitioner was present when the state informed the court of the plea agreement. Furthermore, the record indicates that there was no objection from the petitioner or his attorney when the plea was read to the court. Therefore, no non-frivolous issue exists as to whether the plea agreement was followed.
B. Withdrawing the Plea
The petitioner claims that he was erroneously informed by the court and his attorney that he could not withdraw his plea. The movant argues that the record clearly indicates that the court correctly informed the petitioner of his rights.
"`"[O]nce entered, a guilty plea cannot be withdrawn except by leave of the court, within its sound discretion, and a denial thereof is reversible only if it appears that there has been an abuse of discretion.' Szarwak v. Warden, 167 Conn. 10, 23,355 A.2d 49 (1974). `The burden is always on the defendant to show a plausible reason for the withdrawal of a plea of guilty.' Statev. Slater, 169 Conn. 38, 46, 362 A.2d 499 (1975)." State v.Crenshaw, 210 Conn. 304, 308-9, 554 A.2d 1074 (1989). "To warrant consideration, the defendant must allege and provide facts which would justify permitting him to withdraw his plea. . . ." Statev. Deboben, 187 Conn. 469, 474, 446 A.2d 828 (1982). "The court is required to permit the withdrawal of a guilty plea upon proof of any ground set forth in Practice Book § 721." State v.
CT Page 6971Morant, 20 Conn. App. 630, 633, 569 A.2d 1140, cert. denied,215 Conn. 818, 576 A.2d 547 (1990).
The record indicates that the petitioner was specifically canvassed regarding withdrawal of his guilty plea.[1]
Therefore, the petitioner's argument, that he was not informed by the court or his attorney correctly or at all about withdrawing his plea, is not supported by the record. The record indicates that the petitioner was properly advised by the trial court. Furthermore, the petitioner's attorney did not mention to the court that the petitioner would like to withdraw his plea, although he was present at the sentencing. The evidence demonstrates that the public defender's argument, that there is no non-frivolous issue regarding the petitioner's guilty plea, is correct.
C. The Claim of One Charge of Cruelty to Animals Plea
The petitioner claims that he only pled guilty to one count of cruelty to animals. The petitioner's claims are wholly unsubstantiated by the record. It is clear from the testimony at trial that the petitioner pled to two counts of cruelty to animals.[2] Therefore, the public defender's argument that there is no non-frivolous claim is supported by the record.
D. The Influence of Medication on the Pleas
The petitioner claims that because he was on medication when he entered his pleas, his pleas could not be voluntary and intelligently entered. The public defender recognizes this claim as the petitioner's most valid. However, the public defender has concluded that there is no illegal confinement or deprivation of liberty and the petitioner presents no cognizable claim.
Due process requires that a plea be entered voluntarily and intelligently. Boylin v. Alabama, 395 U.S. 238, 243 n. 5 (1969). "Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void. Moreover, because a guilty plea is an admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." Id. Where the court canvasses a defendant on the effects of medication and the defendant, on the record, indicates no effects, a reviewing CT Page 6972 court will find the plea to be voluntarily and intelligently made. Sherbo v. Manson, 21 Conn. App. 172, 184, 572 A.2d 378, cert. denied, 215 Conn. 808-9, 576 A.2d 539 (1990).
During the canvass of the petitioner, the court inquired as to the petitioner's use of any medication. The petitioner revealed he was on an anti-depressant. The court inquired further as to the effects of the drug and asked both the petitioner and his attorney as to whether the petitioner had an understanding of what was occurring at the hearing. The petitioner and his attorney affirmed the petitioner's understanding of his plea. (Transcript of March 13, 1995, p. 10-11).
Additionally, the court inquired of the petitioner's counsel about ill effects of the petitioner's medication. Id. The court canvassed the petitioner and his counsel regarding the name of the medication; how it worked; if it affected his ability to understand the proceedings; if the petitioner took it on a regular basis; how long he had taken the medication, and; the petitioner's daily dosage. Id. Courts have found that a defendant can enter a guilty plea voluntarily and intelligently while on medication when the court is satisfied that the medication is not hampering the defendant's ability to understand the proceedings. See Sherbo v. Manson, supra; United States v. Buckley, 847 F.2d 991
(1st Cir. 1988).
The petitioner's argument fails on the ground that the court inquired about the effects of his medication. The satisfied itself before accepting the petitioner's pleas, that the petitioner had the capacity to enter his pleas voluntarily and intelligently. Therefore, the public defender's assertion that there is no cognizable claim is supported.
III. CONCLUSION
The public defender's motion to withdraw as counsel is GRANTED.
Further, based on the total lack of any basis for any of petitioner's claims, the Habeas Corpus petition is dismissed. Practice Book § 529 U.
SO ORDERED,
HON. JONATHAN J. KAPLAN CT Page 6973 ADMINISTRATIVE JUDGE JUDICIAL DISTRICT OF TOLLAND