[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
This is a habeas matter. The petitioner, Carlos Maldonado, was the defendant in a case entitled State of Connecticut v. Carlos Maldonado, CR 91-6-338625 T (#33231 JD), in the Superior Court, Judicial District of New Haven, charged with capital felony, in violation of General Statutes, § 53a-54b (7); felony murder, in violation of General Statutes, § 53a-54c; murder, in violation of General Statutes, §53a-54a; sexual assault in the first degree, in violation of General Statutes, § 53a-70 (a)(1); sexual assault in the third degree, in violation of General Statutes, § 53a-72a; and two counts of burglary in the first degree, in violation of General Statutes, § 53a-101 (a) (1) or, alternatively, § 53a-101 (2) On or about December 30, 1992, he pleaded guilty to one charge of murder, and guilty to one count of sexual assault in the first degree. The sexual assault plea was under the Alford doctrine. On March 19, 1993, the petitioner was sentenced to a term of sixty years in the custody of the Commissioner of Correction on the murder charge and a term of twenty years on the sexual assault charge, to be served concurrently, for a total effective sentence of sixty years. CT Page 10898
The petitioner's Amended Petition is in two counts. The first claims his conviction and sentence were obtained in violation of his due process rights under the fourteenth amendment of the United States Constitution and Article I, Section 8 of the Constitution of Connecticut, in that he was heavily sedated when he entered his plea and that plea was, accordingly, not made knowingly and voluntarily. The second count alleges ineffective assistance of counsel in that his trial counsel allowed him to go to plea when he was heavily sedated, and incorrectly informed the petitioner that he could be convicted of seven different charges for the same offenses committed, upon which advice the petitioner relied to his detriment.
A hearing on said petition was held on May 17, 2001
 II
A habeas petitioner claiming deprivation of his constitutional right to effective assistance of counsel has the burden of showing that (1) the performance of his counsel was "deficient" in that it was outside the range of reasonable professional assistance of a competent trial or appellate lawyer and (2) that the deficient performance "prejudiced" the petitioner such that there is a reasonable probability that but for the deficient performance of counsel the result of the proceeding would have been different, Strickland v. Washington, 466 U.S. 668, 687-94,104 S.Ct. 2052, 80 L.Ed.2d 674 (1980). A criminal defendant, moreover, is entitled to adequate and effective assistance of counsel at all critical stages of legal proceedings, Id., at 686. Pretrial negotiation implicating the decision of whether to plead guilty is a critical stage in criminal proceedings, Colson v. Smith, 438 F.2d 1075, 1078 (5th
circuit, 1971). In Hill v. Lockhart, 474 U.S. 52, 57-8, the United States Supreme Court determined that the Strickland test applied to claims arising from the plea negotiation process, while modifying the "prejudice" prong as applied to pleas. Under Hill the defendant is required to show that" there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial".Id., at 59.
"It is axiomatic that unless a plea of guilty is made knowingly and voluntarily, it has been obtained in violation of due process and is therefore voidable," State v. Childree, 189 Conn. 114, 119, 454 A.2d 1274
(1983).
 "[A] plea of guilty is in effect a conviction and the equivalent of a finding of guilty by a jury, Machibroda v. United States, 368 U.S. 487, 493, 82 S.Ct. 510, 7 L.Ed.2d 473, [1961]; State v. Carta, CT Page 10899 90 Conn. 79, 81, 96 A. 411 (1916). The entry of a plea of guilty waives the constitutional right to a trial by jury, the right to confront accusers, and the privilege against compulsory self-incrimination." State v. Battel, 170 Conn. 469, 473, 365 A.2d 1100
(1976); see also Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
 "For this waiver to be valid under the Due Process Clause, it must be "an intentional relinquishment or abandonment of a known right or privilege.' Johnson v. Zerbst, 304 U.S. 458, 464 [58 S.Ct. 1019, 82 L.Ed. 1461] (1938) . . . Moreover, because a guilty plea is an admission of all of the elements of a formal criminal charge, it cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." State v. Morant, 13 Conn. App. 378, 383; McCarthy v. United States, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418
(1969)."
 III
The petitioner claims, first, that his conviction was illegal in that his plea was not entered knowingly and voluntarily because he was heavily sedated at the time of plea. The petitioner has failed to establish this claim by a fair preponderance of the evidence.
There is no dispute that the petitioner was receiving medication at and around the time he entered the plea in question. In fact, his trial attorney, Susan Storey, testified that the petitioner regularly received medication during the time she represented him (Transcript, May 17, 2001, p. 11). A copy of a medication record was admitted into evidence (Plaintiff's Exhibit 4), indicating the petitioner was receiving two medications, "sinequan" and "mellaril," in December of 1992. At the habeas hearing the petitioner testified that on December 29, 1992 these medications "[m]ake me feel slow, slow thinking. I might forget things." No expert testimony was offered regarding these medications and their effects on recipients. The petitioner's trial counsel testified that at no time during the course of her representation of the petitioner did he appear "not competent to speak with us about the case" (Transcript, May 17, 2001, p. 11). Storey testified that she met with her client the day before the plea and that "he seemed to be clear thinking, goal directed and understood what I was saying." (Transcript, May 17, 2001, p. 27). At the plea hearing itself, "there was nothing to indicate to us that he didn't understand what he was doing or that he wasn't doing it in a CT Page 10900 voluntary manner." (Transcript, May 17, 2001, p. 30). At the time of plea, in the course of a thorough canvass, the court elicited from the petitioner that he was taking sinequan, but that his medication "don't affect me." Attorney Storey explained to the court her understanding of the purpose and effect of the medication and the petitioner agreed with her explanation. (Petitioner's Exhibit 2, Transcript, December 30, 1992, pp. 17-18).
The petitioner has failed to establish his claim that his plea was not entered knowingly and voluntarily because he was heavily sedated at the time of plea.
 IV
The petitioner's Second Count claims ineffective assistance of trial counsel because "(i) trial counsel allowed him to enter a plea which was not knowing and voluntary." As indicated, supra, the petitioner has failed to establish that his plea was unknowing or involuntary; accordingly, this claim fails.
The second claim of ineffective assistance of counsel is: "(ii) his trial counsel incorrectly informed [the petitioner] that he could have been convicted of seven different charges separately under the Connecticut General Statutes for the same offenses committed, upon which incorrect advice the petitioner relied to his detriment in entering his plea."
To prevail on this claim the petitioner must establish that he was given incorrect advice by his trial counsel; that such advice fell outside the range of reasonable professional assistance of a competent trial lawyer; further, the petitioner must show there is a reasonable probability, that, but for trial counsel's error, the petitioner would not have pleaded guilty and would have insisted on going to trial. The petitioner failed to establish that his trial attorney gave him such incorrect information. Attorney Storey, an experienced criminal defense lawyer assigned to the capital defense trial services unit of the public defender's office, flatly denied telling the petitioner he could be convicted on all seven charges and sentenced consecutively on all seven for an exposure of two hundred years. The court finds Storey's testimony credible. This conclusion is buttressed by the fact that the petitioner's exposure, if convicted of the capital felony charge, was not a fixed term of years, but rather death or life without the possibility of release. The court is satisfied that this was made clear to the petitioner prior to his acceptance of the plea offer and prior to his entering into his plea. Attorney Storey testified credibly that entering into plea negotiations on behalf of the petitioner the primary concern was the CT Page 10901 capital charge for which his exposure was death or life without the possibility of release. (Transcript, May 17, 2001, p. 13). Assuming the petitioner somehow became persuaded he could be convicted and receive consecutive sentences on all seven charges facing him, with sentences totaling tip to two hundred years, his maximum exposure remained death, and it is not reasonably probable he would have elected to go to trial absent his belief he could be sentenced on all seven counts and sentenced consecutively for a total effective sentence of two hundred years. The petitioner has failed to establish defective performance by trial counsel, or prejudice.
 V
The petitioner has failed to establish, by a fair preponderance of the evidence, that his plea was entered into unknowingly or involuntarily and has failed to establish, by a fair preponderance of the evidence, that he was rendered ineffective assistance by trial counsel.
Accordingly, the petition is dismissed, and judgment may enter in favor of the respondent Warden as against the petitioner.
By the Court,
Downey, J.T.R.