# STATE OF CONNECTICUT *v.* PEDRO SALAS
## (AC 25976)

Flynn, Harper and McDonald, Js.

Argued October 19—officially released December 6, 2005

*Anthony E. Parent*, special public defender, for the appellant (defendant).

*Elizabeth M. Moseley*, special deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *Don Therkildsen, Jr.*, assistant state's attorney, for the appellee (state).

*Opinion*

FLYNN, J. The defendant, Pedro Salas, appeals from the judgment of the trial court, rendered following the denial of his motions to withdraw his plea of nolo contendere and for an evidentiary hearing, convicting him of the crimes of sexual assault in the second degree in violation of General Statutes § 53a-71 (a) (1) and risk of injury to a child in violation of General Statutes § 53-21 (a) (2). On appeal, the defendant claims that the court improperly (1) denied his motion to withdraw his plea after an improper canvass and his attorney's ineffective assistance, which left him confused and unable to understand his plea and (2) denied his motion for an evidentiary hearing on his motion to withdraw his plea.[1] We agree with the defendant's second claim and, accordingly, reverse the judgment of the trial court and remand the matter for an evidentiary hearing.[2]

The following facts are relevant to our resolution of this appeal. The defendant, a twenty-six year old man, was charged with sexual assault in the second degree and risk of injury to a child for impregnating his girlfriend, who was alleged to be under the age of sixteen

---

[1] The defendant's claims properly were preserved by the filing of the motion to withdraw his plea and for an evidentiary hearing. See generally *State* v. *Safford*, 22 Conn. App. 531, 534, 578 A.2d 152, cert. denied, 216 Conn. 823, 581 A.2d 1057 (1990).

The defendant preserved his claim by moving to withdraw the plea and adequately briefing the issue in this court. We are, therefore, obliged to review it.

[2] Because we agree that an evidentiary hearing was required in this case, we do not reach the defendant's first claim.

during the time that he was having sexual relations with her.[3] Initially, the defendant entered a plea of not guilty and filed a motion for a speedy trial. Over the next year, the defendant appeared several times before the court, and, on February 3, 2004, after the defendant had reached an apparent plea agreement, the court canvassed the defendant on a plea of nolo contendere. On the afternoon of February 3, 2004, following the plea, the defendant retained new counsel to assist him in withdrawing his plea. After obtaining a transcript of the plea canvass, counsel filed a motion to withdraw the plea and a motion for an evidentiary hearing. On May 17, 2004, the same judge that had taken the defendant's plea and conducted the plea canvass reviewed the proceedings, denied the motion to withdraw the plea and denied the motion for an evidentiary hearing. On July 14, 2004, the court sentenced the defendant to a term of seven years imprisonment, execution suspended after one year, with ten years probation on each count, to run concurrent. This appeal followed.

We also note that the trial court denied the defendant's motion for a stay of execution, and, although the suspended portion of his sentence remains, the defendant has served the entire portion of his jail sentence, which was to be executed while awaiting the resolution of his appeal. Nevertheless, he continues in his desire to have a trial, not simply because he was denied per-

---

[3] General Statutes § 53a-71 (a) provides in relevant part: "A person is guilty of sexual assault in the second degree when such person engages in sexual intercourse with another person and: (1) such other person is thirteen years of age or older but under sixteen years of age and the actor is more than two years older than such person."

General Statues § 53-21 (a) provides in relevant part: "Any person who . . . (2) has contact with the intimate parts, as defined in section 53a-65, of a child under the age of sixteen years or subjects a child under sixteen years of age to contact with the intimate parts of such person, in a sexual and indecent manner likely to impair the health or morals of such child . . . shall be guilty of a class C felony . . . ."

mission to withdraw his plea without a hearing, but because he claims that the state cannot prove that the victim was under the age of sixteen when they began having sexual relations, a necessary element of the crimes. See footnote 3.

On appeal, the defendant claims that the court improperly denied his motion for an evidentiary hearing on his motion to withdraw his plea. He argues that because he "offered allegations of specific, demonstrative incidents of his attorney's ineffectiveness and an adequate record for review," the court abused its discretion in denying his motion for an evidentiary hearing. After careful review of the plea canvass and other portions of the record, we agree that the defendant was entitled to an evidentiary hearing.

"Before a guilty plea is accepted a defendant may withdraw it as a matter of right. Practice Book . . . § 720 [now § 39-26]. After a guilty plea is accepted but before the imposition of sentence the court is obligated to permit withdrawal upon proof of one of the grounds in [Practice Book] § 721 [now § 39-27]. An evidentiary hearing is not required if the record of the plea proceeding and other information in the court file conclusively establishes that the motion is without merit. . . .

"In considering whether to hold an evidentiary hearing on a motion to withdraw a guilty plea the court may disregard any allegations of fact, whether contained in the motion or made in an offer of proof, which are either conclusory, vague or oblique. For the purpose of determining whether to hold an evidentiary hearing, the court should ordinarily assume any specific allegations of fact to be true. If such allegations furnish a basis for withdrawal of the plea under § 721 [now § 39-27] and are not conclusively refuted by the record of the plea proceedings and other information contained in the court file, then *an evidentiary hearing is required.*"

(Citations omitted; emphasis added.) *State* v. *Torres*, 182 Conn. 176, 185–86, 438 A.2d 46 (1980); see *State* v. *Blue*, 230 Conn. 109, 124–25, 644 A.2d 859 (1994).

"An evidentiary hearing is not required if the record of the plea proceeding and other information in the court file conclusively establishes that the motion is without merit. . . . The burden is always on the defendant to show a plausible reason for the withdrawal of a plea of guilty. . . . To warrant consideration, the defendant must allege and provide facts which justify permitting him to withdraw his plea under [Practice Book § 39-27]." (Citations omitted; internal quotation marks omitted.) *State* v. *Johnson*, 253 Conn. 1, 50–51, 751 A.2d 298 (2000).

Practice Book § 39-26 provides: "A defendant may withdraw his or her plea of guilty or nolo contendere as a matter of right until the plea has been accepted. After acceptance, the judicial authority shall allow the defendant to withdraw his or her plea upon proof of one of the grounds in Section 39-27."

Practice Book § 39-27 provides in relevant part: "The grounds for allowing the defendant to withdraw his or her plea of guilty after acceptance are as follows:

"(1) The plea was accepted without substantial compliance with Section 39-19;

"(2) The plea was involuntary, or it was entered without knowledge of the nature of the charge or without knowledge that the sentence actually imposed could be imposed;

\* \* \*

"(4) The plea resulted from the denial of effective assistance of counsel . . . ."

In support of his motions to withdraw his plea and for an evidentiary hearing, the defendant submitted an

affidavit that averred, inter alia, the following: His attorney did not explain the purposes of a plea canvass or allow him to raise any objections; his attorney told him that he had no choice but to plead nolo contendere; his attorney never explained to him the importance of the plea; his attorney refused to take him to trial because of the cost and told him that he could not have a trial; he did not understand what nolo contendere meant; his attorney never used the words "guilty" when telling him that he was to plead nolo contendere; he did not know that a nolo plea would result in a finding of guilt; and when the court asked him if anyone forced him to plead guilty, he said no because he was not pleading guilty.

The affidavit of Ken Miller, a close business associate of the defendant, was also submitted. Miller averred to the following: On the morning of the plea, the defendant told him that he still wanted a trial; the defendant's attorney appeared very forceful and animated during discussions with the defendant that morning; the defendant appeared solemn; the defendant appeared to be in a stupor, and he felt as though the defendant's attorney was forcing him to plead.

In addition to reviewing these affidavits, we have reviewed the plea canvass and are concerned by the following portions:

"The Court: Put him to plea.

"[Court Clerk]: Pedro Salas, under docket number CR 03-215290, you are charged with sexual assault in the second degree, under § 53a-71 (a) (1). How do you plead?"

"[Defense Counsel]: I handed in a no contest plea, Your Honor.

"[Defense Counsel]: You are charged with risk of injury to a minor under § 53-21 (a) (2). How do you plead?"

"[Defense Counsel]: That is also no contest, Your Honor."

* * *

"The Court: Now, *when you do plead guilty* . . . the maximum penalty I can give you for all these, to the two offenses you plead to, is twenty years to serve in prison and $20,000 in fines. Do you understand that?

"[The Defendant]: Yes sir.

"[The Court]: Now, *when you do plead guilty*, you do give up your trial rights. You could have pleaded not guilty, forced the state to take you to trial, prove the offenses, as I described them to you, beyond a reasonable doubt to a judge or jury with your attorney present. You would have had a right to confront witnesses against you, remain silent, put on witnesses if you wanted to, have a public trial and a speedy trial. *When you plead guilty*, you give up those trial rights. Do you understand that?

"[The Defendant]: Yes sir.

"[Defense Counsel]: This is a no contest plea, Your Honor. I know it is the same. Pragmatically, it is the same.

"The Court: No, no. I understand that. But I am only telling him what rights he is giving up.

"[Defense Counsel]: Okay. I'm sorry."

The court, however, did not go back and correctly charge as to the defendant's actual plea of nolo contendere, but continued to refer to a plea of guilty shortly after this exchange:

"The Court: *Did anybody threaten you to come out here to say you were guilty?*

"[The Defendant]: No sir.

\* \* \*

"The Court: All right. Now, you plead nolo contendere to this offense. I am going to find that there is a factual basis . . . . I am going to make a finding of guilty. So, by pleading nolo contendere, essentially what you are doing is, you are not being, you are not making admission for the purpose of a civil lawsuit, if there was one in this situation. Do you understand that?

"[The Defendant]: Yes.

"The Court: You are not admitting to the facts, you are just pleading no contest to the facts. You don't want to contest the matter. Is that why you are pleading that?

"[The Defendant]: Yes sir.

"The Court: You don't want to. Okay. All right, does either attorney know a reason why I shouldn't accept the plea?

"[The Prosecutor]: The state knows of no reason. Just for clarity of the record though, he pleaded guilty without recommendations. The 7/3/10[4] was the court's offer to this defendant on these matters.

"The Court: Right, it wasn't the state's offer. . . . The state agreed to have you, I mean, *all they can do is make you plead to the offense,* and then the sentencing portion of the, of your *plea of guilty* goes to the court, you know, however the state, the court is going to listen to the state's argument at sentencing . . . . Now, as I said, if I want to give more [time], *you can take your guilty plea back.* As long as I give you that sentence or less, then *you can't take your guilty plea back.* Do you understand that?

"[The Defendant]: Yes sir." (Emphasis added.)

---

[4] This is an apparent reference to a plea agreement consisting of seven years incarceration, suspended after three with ten years probation.

Throughout the defendant's canvass, the court repeatedly asked the defendant if he realized that "when he pleads guilty" he gives up certain rights. Our concern here is that the defendant did not plead guilty and may have been confused by that line of questioning. If a defendant were pleading not guilty and the court asked those same questions, the answers would be the same. For example, if a defendant entered a plea of not guilty and the court asked whether "anyone threatened you to come out here and plead guilty," the answer would be "no." If a defendant were pleading not guilty and the court asked "when you plead guilty, you give up trial rights. Do you understand that?" The answer would be "yes." In short, much of the plea canvass addressed a guilty plea, which the defendant was *not* making, as opposed to a nolo contendere plea, which the defendant *was* making.[5] Although we readily acknowledge that a plea of nolo contendere results in a finding of guilty, it is not a guilty plea. In addition, we are concerned by the court's statement, under the circumstances of this case, that all the state "can do is make you plead to the offense . . . ." Although the court apparently mis-

---

[5] "A plea of nolo contendere is distinct from a plea of guilty inasmuch as the latter may be regarded as a verbal admission by the accused, and, as such, may be admissible in subsequent civil proceedings. It does not, however, conclusively establish negligence, and the accused is not precluded from explaining his plea. . . .

"By contrast, a plea of nolo contendere is merely a declaration by the accused that he will not contest the charge, and even though followed by a finding of guilty and the imposition of a fine or other penalty, is not admissible, either as a verbal admission or an admission by conduct. . . . Nor is it admissible to affect a party's credibility, as evidence of an arrest, or as res judicata establishing that the plaintiff was engaged in a criminal act. . . . Pleas of nolo contendere may be entered for reasons of convenience and without much regard to guilt and collateral consequences. . . . Even though the plea may be regarded as a tacit admission, its inconclusive and ambiguous nature dictates that it should be given no currency beyond the particular case in which it was entered." (Citations omitted; internal quotation marks omitted.) *Lawrence* v. *Kozlowski*, 171 Conn. 705, 711–12 n.4, 372 A.2d 110 (1976), cert. denied, 431 U.S. 969, 97 S. Ct. 2930, 53 L. Ed. 2d 1066 (1977).

spoke, certainly, that is not a correct statement, and, here, where the defendant claims that he was forced to enter his plea without understanding, it is an important part of the factual background.

In *State* v. *Morant*, 13 Conn. App. 378, 384–85, 536 A.2d 605 (1988), we remanded a case for an evidentiary hearing where the defendant informed the court during the sentencing hearing that he had been pressured to plead guilty. Concluding that an evidentiary hearing was required in that case, we explained: "Once a . . . plea has been entered, the proper procedure for challenging the knowing and voluntary nature of the plea is by a motion to withdraw the plea made to the trial court before the conclusion of the proceeding at which sentence is imposed. . . . Ordinarily, the failure to file such a motion precludes review of claimed infirmities in the acceptance of a plea. . . . [Where] the defendant did assert in a timely fashion the claim that his guilty plea was involuntary . . . [t]he trial court erred in not giving the defendant the opportunity to present that claim fully. . . . In considering whether to hold an evidentiary hearing on a motion to withdraw a guilty plea the court may disregard any allegations of fact, whether contained in the motion or made in an offer of proof, which are either conclusory, vague or oblique." (Citations omitted; internal quotation marks omitted.) Id., 383–85.

Reviewing the canvass in combination with the affidavits, we can conclude only that the defendant has met his burden of showing a plausible reason for the withdrawal of his plea by alleging and providing facts that justify permitting him to withdraw his plea. See *State* v. *Johnson*, supra, 253 Conn. 50; *State* v. *Blue*, supra, 230 Conn. 124–25; *State* v. *Torres*, supra, 182 Conn. 185. The record of the plea proceeding does not conclusively refute the allegations of fact in the defendant's motion and accompanying affidavits. See *State* v. *Blue*, supra,

230 Conn. 125; *State* v. *Lasher,* 190 Conn. 259, 266, 460 A.2d 970 (1983). Therefore, an evidentiary hearing was required. See *State* v. *Blue,* supra, 125; *State* v. *Torres,* supra, 185.

The judgment is reversed and the case is remanded for an evidentiary hearing for the purposes of determining whether the defendant should be allowed to withdraw his plea in accordance with Practice Book §§ 39-26 and 39-27.

In this opinion the other judges concurred.