******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* ANTHONY D., SR.*
(AC 35553)

Beach, Bear and Mintz, Js.*

*Argued April 8—officially released June 17, 2014*

(Appeal from Superior Court, judicial district of
Hartford, Alexander, J.)

*Alan Jay Black*, assigned counsel, for the appellant
(defendant).

*Kathryn W. Bare*, assistant state's attorney, with
whom, on the brief, were *Gail P. Hardy*, state's attor-
ney, and *Robin D. Krawczyk*, senior assistant state's
attorney, for the appellee (state).

*Opinion*

BEAR, J. The defendant, Anthony D., Sr., appeals from the judgment of conviction, rendered following the trial court's acceptance of his *Alford* plea,[1] of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1). The defendant claims that he was denied his federal and state constitutional rights to due process of law and to the adequate assistance of counsel when the trial court denied his motion to withdraw his guilty plea without proper inquiry or an evidentiary hearing. He requests that we reverse the judgment of the trial court and order the court to permit him to withdraw his plea or that we order the court to conduct an evidentiary hearing on his motion to withdraw his plea. We affirm the judgment of the trial court.

The defendant was arrested and charged with several crimes related to his sexual abuse of his girlfriend's child, with whom he had lived since the child was five years old.[2] On December 5, 2011, the evidentiary portion of the defendant's trial commenced, and, on that day, the state presented six witnesses, including the then fifteen year old victim, who testified extensively about the defendant's sexual abuse, which began when she was six years old. On December 6, 2011, the court conducted a hearing on the defendant's motion to suppress his confession to the police, in which he had admitted to sexually abusing the victim. Following the court's denial of that motion, the defendant entered a guilty plea under the *Alford* doctrine to one count of sexual assault in the first degree, which the court accepted, and the state agreed to enter a nolle prosequi for each of the remaining criminal charges. The parties agreed to a sentence of ten years incarceration, with a five year mandatory minimum, followed by ten years of special parole. On the morning of sentencing, the defendant, through counsel, made an oral motion to withdraw his plea and to appoint new counsel, asserting that the defendant was not satisfied with counsel's representation. The court denied that motion and sentenced the defendant to the agreed upon term. This appeal followed.

On appeal, the defendant specifically claims that "[t]here was error under the Due Process Clause of both the Fourteenth Amendment to the United States Constitution, the right to counsel under the Sixth Amendment to the United States Constitution and for both clauses under Article One, Section Eight of the Connecticut State Constitution[3] and under Connecticut General Practice Book, Sections 39-26 and 27 when the judge denied the defendant's timely oral motion to withdraw his plea without any type of inquiry or evidentiary hearing as to the underlying basis of the defendant's motion." We conclude that the inquiry conducted by the court following the defendant's oral motion to withdraw his plea was sufficient under the

circumstances of this case.[4]

"Before a guilty plea is accepted a defendant may withdraw it as a matter of right. Practice Book . . . § 720 [now § 39-26].[5] After a guilty plea is accepted but before the imposition of sentence the court is obligated to permit withdrawal upon proof of one of the grounds in [Practice Book] § 721 [now § 39-27].[6] An evidentiary hearing is not required if the record of the plea proceeding and other information in the court file conclusively establishes that the motion is without merit. . . .

"In considering whether to hold an evidentiary hearing on a motion to withdraw a guilty plea the court may disregard any allegations of fact, whether contained in the motion or made in an offer of proof, which are either conclusory, vague or oblique. For the purpose of determining whether to hold an evidentiary hearing, the court should ordinarily assume any specific allegations of fact to be true. If such allegations furnish a basis for withdrawal of the plea under § 721 [now § 39-27] and are not conclusively refuted by the record of the plea proceedings and other information contained in the court file, then an evidentiary hearing is required. . . .

"An evidentiary hearing is not required if the record of the plea proceeding and other information in the court file conclusively establishes that the motion is without merit. . . . The burden is always on the defendant to show a plausible reason for the withdrawal of a plea of guilty. . . . To warrant consideration, the defendant must allege and provide facts which justify permitting him to withdraw his plea under [Practice Book § 39-27]." (Citations omitted; emphasis omitted; footnotes added; internal quotation marks omitted.) *State* v. *Salas*, 92 Conn. App. 541, 544–55, 885 A.2d 1258 (2005).

The following additional facts provide context for our required analysis. After the trial had commenced, the defendant pleaded guilty on December 6, 2011, to one charge of sexual assault in the first degree in exchange for an agreed upon sentence of ten years imprisonment followed by ten years of special parole. Before accepting the defendant's plea, the court, *Alexander*, *J.*, conducted a canvass of the defendant in which it asked the defendant if he understood the plea agreement, if he had discussed his plea with his attorney, if he understood the nature of an *Alford* plea and agreed that there was a likelihood of being found guilty if he went to trial, if he agreed that he likely would get a greater sentence if he proceeded to complete his trial, if he was pleading guilty to avoid the risk of trial, and if he understood that he was giving up his right to have the state prove the charges the against him, to confront witnesses and to testify on his own behalf. The defendant answered yes to each of these questions. Additionally, the defendant acknowledged that he was not

threatened or forced to enter his plea, that no one had made any promises to him other than the plea agreement, and that he was acting of his own free will.

When the court explained the charge of first degree sexual assault to the defendant, he stated that he understood the charge but that he did not agree. The court again explained the *Alford* plea and again asked the defendant if he understood and still agreed that there was a likelihood that he would get a longer sentence if convicted after trial. The defendant said yes. The court then explained the sex offender registration and treatment requirements to the defendant, and he acknowledged that he understood them. The court proceeded to ask the defendant if he knew that he would be subject to random searches, polygraph examinations and electronic monitoring; the defendant offered an inaudible response, and the court asked him if he had any questions for his attorney. The defendant responded by saying that "nothing that I ask is gonna change anything." The court then stated that it understood the defendant's point, but wanted to know if the defendant had any questions that he wanted to ask his attorney about what was occurring or about anything of a legal nature. The defendant said no. The court proceeded to accept the plea and to explain to the defendant that the agreement was binding and that the defendant could not come back and change his mind.

On December 16, 2011, the defendant returned to court for his sentencing hearing, which also was conducted by Judge Alexander. At the start of the hearing, the following colloquy took place:

"[Defense Counsel]: . . . I'm sorry, before we begin, I understand that we are here for sentencing. I've met with [the defendant]. He is expressing to me concerns over the manner in which he was represented and is asking that he be permitted to withdraw his plea.

"The Court: Okay.

"[Defense Counsel]: Under those circumstances, it would be my application to the court on his behalf that new counsel be appointed to investigate his claim.

"The Court: With respect to it, the court does not believe that there is any factual basis for it. This was the court that took the plea. This was done in the middle of evidence. And, [defendant], if you want to claim at a time after that this was ineffective or somehow coerci[ve] you can have a habeas proceeding. But, Mr. [R. Bruce Lorenzen, defense counsel], as an officer of the court, do you know of any defect in that plea canvass that would allow the court to, in fact, take back the plea at this time?

"[Defense Counsel]: Your Honor, I think that I need to be precise in my language. The canvass itself I think was quite thorough.

"The Court: Right. I mean, we went back and forth. And my recollection was that I repeatedly advised him that this was a permanent agreement and that it could not be changed . . . .

"So, with respect to it, unless you can point out some defect, I am not inclined to have him withdraw his plea, nor am I inclined for purposes of an agreed sentencing to delay the sentencing, given the fact that the complainants are here. And with respect to it, it was only—there was even the agreement, I believe, of the waiver of the [presentence investigation report] at the time. And the court wanted some record for probation; otherwise, the sentence would have been imposed on the date of the plea.

"So, with respect to it, while there may be reasons postjudgment for a different counsel, at this time, I am not going to grant your motion to withdraw because there is no prejudice. This is an agreed sentence. So, unless the court were going to give more and Mr. Lorenzen had to persuade me to give less to maintain the agreement, there is no reason that Mr. Lorenzen is not standing next to you today for an agreed disposition. . . . All right. The withdrawal—and I'll just take it as an oral motion, is denied."

The court then heard a statement from the victim's mother, and the state read a letter written by the victim, both of which explained how the defendant's actions had impacted their lives. Near the end of the hearing, before imposing sentence, the court asked the defendant if he wanted to say anything, to which the defendant responded, "No."

In this appeal, the defendant relies primarily on *State v. Morant*, 13 Conn. App. 378, 384–85, 536 A.2d 605 (1988), to support his argument that he was entitled to an evidentiary hearing or a more thorough canvass on his motion to withdraw his plea. In *Morant*, the defendant had informed the trial court during the sentencing hearing that he had been forced to plead guilty, but the court ordered him to be quiet. Id. We concluded that the defendant was entitled to an evidentiary hearing on the matter because the court would not permit him to explain the merits of his claim. Id. We explained: "Once a . . . plea has been entered, the proper procedure for challenging the knowing and voluntary nature of the plea is by a motion to withdraw the plea made to the trial court before the conclusion of the proceeding at which sentence is imposed. . . . Ordinarily, the failure to file such a motion precludes review of claimed infirmities in the acceptance of a plea. . . . [Where] the defendant did assert in a timely fashion the claim that his guilty plea was involuntary . . . [t]he trial court erred in not giving the defendant the opportunity to present that claim fully. . . . In considering whether to hold an evidentiary hearing on a motion to withdraw

a guilty plea the court may disregard any allegations of fact, whether contained in the motion or made in an offer of proof, which are either conclusory, vague or oblique." (Citations omitted; internal quotation marks omitted.) Id., 383–85.

The defendant argues that what happened in *Morant* is similar to what happened in the present case. He argues: "Our case is more like *State* v. *Morant* . . . . In *Morant*, the judge essentially threatened the defendant to keep his mouth shut, and in our case, the judge never even bothered to hear from the defendant and only cursorily questioned defense counsel." We are not persuaded.

In *Morant*, the defendant alerted the court to his claim that his plea was not voluntary because he had been forced to plead guilty and his plea was not on his own " 'recognition.' " *State* v. *Morant*, supra, 13 Conn. App. 384. Instead of listening further to the defendant, the court eventually instructed him not to make any additional statements about his claims: "The court responded [to the defendant] with a thinly veiled threat telling the defendant that if he heard [any more] from him the court might be sorry that it sentenced him to only ten years suspended after seven." (Emphasis omitted.) Id., 385. In the present case, however, defense counsel told the court only that the defendant had some "concerns" about counsel's representation and that he wanted to withdraw his plea. Neither the defendant nor his attorney offered any specific concerns, nor did they request an evidentiary hearing. The court remarked that it did not see any factual basis to permit a withdrawal, and it asked counsel if there were any problems with the court's canvass of the defendant, to which counsel responded that the canvass had been thorough. After proceeding with the sentencing hearing, but before sentence was pronounced, the court specifically asked the defendant if he wanted to say anything, and the defendant said no.

Clearly, the facts of this case readily are distinguishable from the facts in *Morant*. Here, there was a vague allegation that the defendant had concerns about his attorney's representation but no specific facts, and, when the defendant was asked if he wanted to say anything before sentence was pronounced, he specifically declined the opportunity. Neither the defendant nor his attorney were denied the opportunity to present a basis for a plea withdrawal. The trial court need not consider allegations that merely are "conclusory, vague or oblique . . . ." (Citation omitted; internal quotation marks omitted.) *State* v. *Morant*, supra, 13 Conn. App. 385. The defendant always has the burden to show a plausible reason for the withdrawal of a guilty plea, and must allege and provide facts that warrant the court's consideration of his motion. *State* v. *Salas*, supra, 92 Conn. App. 545.[7]

Here, the defendant presented no basis for further inquiry by the court. On the basis of these facts, we conclude that the inquiry conducted by the court was sufficient.

The judgment is affirmed.

In this opinion the other judges concurred.

* In accordance with our policy of protecting the privacy interests of the victims of sexual abuse and the crime of risk of injury to a child, we decline to use the defendant's full name or to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[2] The charges included two counts of sexual assault in the first degree in violation of § 53a-70 (a) (1), two counts of sexual assault in the second degree in violation of General Statutes § 53a-71 (a) (1), one count of sexual assault in the fourth degree in violation of General Statutes § 53a-73a (a) (1) (B) and one count of risk of injury to a child in violation of General Statutes § 53-21 (a) (2). From our own calculation, it appears that the defendant was facing a total possible sentence of one hundred and ten years to serve if convicted on all counts and ordered to serve his sentences consecutively.

[3] Despite the defendant's claims that his rights were violated under both the federal and the state constitutions, he has not provided a separate analysis or claimed greater protection under the state constitution. "Because the defendant has not set forth a separate state constitutional analysis pursuant to *State* v. *Geisler*, 222 Conn. 672, 684–86, 610 A.2d 1225 (1992), we . . . analyze the defendant's claim under the requirements of the United States constitution." *State* v. *Morales*, 121 Conn. App. 767, 770 n.3, 996 A.2d 1206, cert. denied, 298 Conn. 909, 4 A.3d 835 (2010).

[4] The state, in its brief, has analyzed thoroughly the merits of the defendant's motion to withdraw his plea on the defendant's asserted ground that the plea was involuntary and that it resulted from the denial of the effective assistance of counsel. The defendant's claim on appeal, however, is that he was unable to develop a thorough record or to prove the merits of his motion to withdraw his plea because the trial court failed to conduct an adequate inquiry or hold an evidentiary hearing on his motion. We conclude that the merits of motion to withdraw are not the basis for the appeal. Rather, it is the adequacy of the trial court's inquiry surrounding the motion to withdraw the plea that forms the basis of this appeal. We, therefore, do not consider the merits of the motion.

[5] Practice Book § 39-26 provides: "A defendant may withdraw his or her plea of guilty or nolo contendere as a matter of right until the plea has been accepted. After acceptance, the judicial authority shall allow the defendant to withdraw his or her plea upon proof of one of the grounds in Section 39-27. A defendant may not withdraw his or her plea after the conclusion of the proceeding at which the sentence was imposed."

[6] Practice Book § 39-27 provides: "The grounds for allowing the defendant to withdraw his or her plea of guilty after acceptance are as follows:

"(1) The plea was accepted without substantial compliance with Section 39-19;

"(2) The plea was involuntary, or it was entered without knowledge of the nature of the charge or without knowledge that the sentence actually imposed could be imposed;

"(3) The sentence exceeds that specified in a plea agreement which had been previously accepted, or in a plea agreement on which the judicial authority had deferred its decision to accept or reject the agreement at the time the plea of guilty was entered;

"(4) The plea resulted from the denial of effective assistance of counsel;

"(5) There was no factual basis for the plea; or

"(6) The plea either was not entered by a person authorized to act for a corporate defendant or was not subsequently ratified by a corporate defendant."

[7] In *State* v. *Salas*, supra, 92 Conn. 545–46, for example, the defendant submitted two affidavits to the court containing specific detailed factual claims: "In support of his motions to withdraw his plea and for an evidentiary

hearing, the defendant submitted an affidavit that averred, inter alia, the following: His attorney did not explain the purposes of a plea canvass or allow him to raise any objections; his attorney told him that he had no choice but to plead nolo contendere; his attorney never explained to him the importance of the plea; his attorney refused to take him to trial because of the cost and told him that he could not have a trial; he did not understand what nolo contendere meant; his attorney never used the words 'guilty' when telling him that he was to plead nolo contendere; he did not know that a nolo plea would result in a finding of guilt; and when the court asked him if anyone forced him to plead guilty, he said no because he was not pleading guilty.

"The affidavit of Ken Miller, a close business associate of the defendant, was also submitted. Miller averred to the following: On the morning of the plea, the defendant told him that he still wanted a trial; the defendant's attorney appeared very forceful and animated during discussions with the defendant that morning; the defendant appeared solemn; the defendant appeared to be in a stupor, and he felt as though the defendant's attorney was forcing him to plead."

————————————————