******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* DARDIAN CELAJ
(AC 37291)

Gruendel, Prescott and Bear, Js.*

*Argued January 7—officially released March 15, 2016*

(Appeal from Superior Court, judicial district of
Ansonia-Milford, Markle, J. [trial]; Iannotti, J.; [plea;
motion to vacate plea; judgment].)

*Stephan E. Seeger*, with whom, on the brief, was *Igor Kuperman*, for the appellant (defendant).

*Rita M. Shair*, senior assistant state's attorney, with whom was *Kevin D. Lawlor*, state's attorney, for the appellee (state).

*Opinion*

GRUENDEL, J. The defendant, Dardian Celaj, appeals from the judgment of the trial court denying his motion to vacate his guilty plea. He claims that the court abused its discretion in so doing. We affirm the judgment of the trial court.

The defendant is an Albanian national who sexually assaulted an employee of a nightclub he owned in Derby on March 2, 2012.[1] The following day, he was arrested and charged with three counts of sexual assault in the first degree in violation of General Statutes § 53a-70 (a) (1)[2] and one count of unlawful restraint in the first degree in violation of General Statutes § 53a-95 (a). The defendant pleaded not guilty to the charges. Over the next two years, the defendant rejected multiple plea offers from the state.

A court trial commenced on April 22, 2014. Following the testimony of two police officers and the complainant, the defendant conferred with his trial counsel, Attorney Donald J. Cretella, Jr., during a recess. In light of the complainant's testimony, Cretella advised the defendant to accept a plea agreement offered by the state. Shortly thereafter, the defendant did exactly that, pleading guilty to one count of sexual assault in the first degree pursuant to the *Alford* doctrine.[3]

At the plea hearing, the court canvassed the defendant concerning his plea. During that canvass, the defendant indicated that he had "understood all the conversations" with Cretella that led up to his decision to plead guilty, and that he was satisfied with Cretella's advice. The defendant further acknowledged that he had not been forced to enter his plea by anyone and that the rationale for his plea was to avert a more severe sentence. With respect to possible immigration consequences stemming from his plea, the court stated: "Do you understand if you are not a citizen of the United States, the plea of guilty could result in deportation or removal from the United States, exclusion from admission to the United States, and denial of naturalization pursuant to the laws of the United States? Do you understand that, sir?" The defendant responded affirmatively. The court then asked Cretella if he had discussed "all that" with the defendant; Cretella replied, "We have, Your Honor." Following the canvass, the court accepted the defendant's plea as "knowingly and voluntarily made with the assistance of competent counsel . . . ."

On July 25, 2014, the defendant, now represented by Attorney Stephan E. Seeger, filed a motion to vacate his guilty plea. In that motion, the defendant argued that Cretella had failed to properly advise him of the immigration consequences of the plea. Specifically, he alleged that Cretella rendered ineffective assistance of counsel by advising him that any "immigration consequences would not be automatic" and that he "had no

immediate danger of being deported" as a result of his plea. The defendant thus maintained that he "was affirmatively misadvised, and did not enter his plea knowingly, intelligently, and voluntarily."

The defendant appeared before the court on September 22, 2014, for sentencing. At the outset of that proceeding, the court first conducted an evidentiary hearing on the defendant's motion to vacate his guilty plea. The only witness who testified at that hearing was the defendant, who stated that, at the time he entered his plea, his "understanding was that there [were] no consequences as far as immigration is concerned . . . ." The defendant acknowledged that he had multiple conversations with Cretella over a span of two years regarding various plea offers by the state. The defendant further testified that "[e]very time we met, since the first time," he discussed the possibility of deportation with Cretella. The defendant also admitted that he was a six time convicted felon who had prior experience with plea canvasses.[4] With respect to notice that a plea of guilty could result in possible deportation, the defendant testified that "every time I have come in [to court, I was told that there is a] possibility for deportation. I have heard that over and over, yes."[5]

During cross-examination, the defendant was asked why he did not raise any objection at the April 22, 2014 plea hearing when Cretella stated to the court that he had discussed the immigration consequences of the plea with him. The defendant answered that he was not in the right state of mind at that time. Although he testified that he was "very nervous [and] very confused" during the plea canvass, the defendant acknowledged that he never informed the court of his alleged confusion. The defendant also claimed that he had no recollection of the court asking Cretella if he had discussed the immigration consequences of the plea with the defendant.

In ruling on the defendant's motion, the court described the defendant's testimony as "selective" and stated, "I specifically find it not to be credible." The court further stated that "the canvass by the court was complete, the questions were all asked by the court, but, more importantly, the questions by the court that were asked of counsel, if he did his due diligence with regard to advising his client were asked and answered and were . . . uncontroverted by [the defendant], he asked for no time out. He did not indicate that he did not understand anything. He did not point out that . . . Cretella did not advise him of anything that was necessary to be advised of. He answered all the questions in the affirmative . . . with regard to the issue of his time and ability in understanding the conversations that he had with . . . Cretella that led up to his full conclusion to plead guilty to the case." The court also found that "the obligation of . . . Cretella was . . . clearly met to me by way of the answers to the question[s] on the

canvass. . . . [F]or the issue of vacating a plea, based upon the canvass and . . . the noncredible testimony that this court heard today . . . this would not be the appropriate forum for the court . . . to have this plea vacated." Accordingly, the court denied the motion to vacate the guilty plea and thereafter sentenced the defendant to a term of fourteen years incarceration, with a mandatory minimum of two years, and six years of special parole subject to special conditions. This appeal followed.

On appeal, the defendant claims that the court abused its discretion in denying his motion to vacate his guilty plea predicated on the allegedly ineffective assistance of counsel. We disagree.

"A guilty plea, once accepted, may be withdrawn only with the permission of the court. . . . The court is required to permit the withdrawal of a guilty plea upon proof of any ground set forth in Practice Book § [39-27]. . . . Whether such proof is made is a question for the court in its sound discretion, and a denial of permission to withdraw is reversible only if that discretion has been abused." (Internal quotation marks omitted.) *State* v. *Gundel*, 56 Conn. App. 805, 812, 746 A.2d 204, cert. denied, 253 Conn. 906, 753 A.2d 941 (2000). In applying the abuse of discretion standard, this court is obligated to indulge "every reasonable presumption in favor of upholding" the judgment of the trial court. *State* v. *Annulli*, 309 Conn. 482, 491, 71 A.3d 530 (2013).

Our Supreme Court generally has "required that a claim of ineffective assistance of counsel must be raised by way of habeas corpus, rather than by direct appeal . . . ." (Internal quotation marks omitted.) *State* v. *Vega*, 259 Conn. 374, 385, 788 A.2d 1221, cert. denied, 537 U.S. 836, 123 S. Ct. 152, 154 L. Ed. 2d 56 (2002). Practice Book § 39-27 (4) nonetheless "provides an explicit exception to this general rule . . . and allows a defendant to withdraw a guilty plea after its acceptance if the plea resulted from the denial of effective assistance of counsel . . . ." (Internal quotation marks omitted.) *State* v. *Turner*, 267 Conn. 414, 426–27, 838 A.2d 947, cert. denied, 543 U.S. 809, 125 S. Ct. 36, 160 L. Ed. 2d 12 (2004). To prevail on such a claim, a defendant "must satisfy two requirements . . . . First, he must prove that the assistance was not within the range of competence displayed by lawyers with ordinary training and skill in criminal law . . . . Second, there must exist such an interrelationship between the ineffective assistance of counsel and the guilty plea that it can be said that the plea was not voluntary and intelligent because of the ineffective assistance." (Internal quotation marks omitted.) *State* v. *Gay*, 108 Conn. App. 211, 217, 947 A.2d 428, cert. denied, 288 Conn. 913, 954 A.2d 186 (2008). "[I]rrespective of whether a defendant proceeds by way of habeas corpus or direct appeal, our review is the same, and the burden remains on the

defendant to produce an adequate record so that an appellate court may ascertain whether counsel's performance was ineffective." *State* v. *Turner*, supra, 427.

We conclude that the defendant has not met that burden. Notably, the defendant did not call Cretella as a witness during the evidentiary hearing on his motion to vacate his plea. Although the defendant testified at that hearing that Cretella incorrectly apprised him of the immigration consequences of his guilty plea, it remains that the court expressly rejected that testimony. It is axiomatic that the court, as trier of fact, was free to do so, particularly when "the state has vigorously contested the force of that testimony by cross-examination." (Internal quotation marks omitted.) *State* v. *Morelli*, 293 Conn. 147, 160, 976 A.2d 678 (2009); see also *State* v. *DeMarco*, 311 Conn. 510, 521 n.4, 88 A.3d 491 (2014) ("the trial court has discretion to reject even uncontested evidence" because it "is uniquely well situated to make determinations of witness credibility" [internal quotation marks omitted]); *State* v. *Roseboro*, 221 Conn. 430, 437, 604 A.2d 1286 (1992) (trial court entitled to reject testimony and inferences offered on behalf of defendant). As an appellate body, this court cannot reevaluate the credibility of testimony. "In a case tried before a court, the trial judge is the sole arbiter of the credibility of the witnesses and the weight to be given to their testimony." (Internal quotation marks omitted.) *State* v. *Miranda*, 260 Conn. 93, 110, 794 A.2d 506 (2000). We refuse to disturb that credibility determination.

The defendant thus failed to furnish any credible evidence to substantiate his allegation of ineffective assistance of counsel. This case, therefore, is distinguishable from *Padilla* v. *Kentucky*, 559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010). In *Padilla*, the United States Supreme Court held that the right to effective assistance of counsel mandated by the sixth amendment to the United States constitution requires a criminal defense attorney to advise a defendant "whether [a guilty] plea carries a risk of deportation." Id., 374. Recognizing that "[i]mmigration law can be complex," the court explained that "[t]here will, therefore, undoubtedly be numerous situations in which the deportation consequences of a particular plea are unclear or uncertain. The duty of the private practitioner in such cases is more limited. When the law is not succinct and straightforward . . . a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences. But when the deportation consequence is truly clear, as it was in this case, the duty to give correct advice is equally clear." (Footnote omitted.) Id., 369. At the same time, the court emphasized that "[s]urmounting [the] high bar [set by *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)] is never an easy

task"; id., 371; and noted that, absent evidence to the contrary, "[w]e should . . . presume that counsel satisfied their obligation to render competent advice at the time their clients considered pleading guilty." Id., 372.

Because the defendant did not furnish any credible evidence at the evidentiary hearing to substantiate his claim that Cretella failed to properly advise him of the immigration consequences of his guilty plea, he cannot demonstrate that Cretella rendered ineffective assistance of counsel. The court, therefore, did not abuse its discretion in denying the defendant's motion to vacate his guilty plea.

The judgment is affirmed.

In this opinion the other judges concurred.

* The listing of judges reflects their seniority status on this court as of the date of oral argument.

[1] At the defendant's plea hearing, the state's attorney detailed the complainant's account of the assault, stating in relevant part: "[A]fter a party . . . at the club, the complainant . . . remained behind by herself in order to clean up the club . . . . When [the defendant] arrived back at the club, he then attempted to and did, in fact, engage in some consensual kissing with the complainant which then turned violent and physical. [The complainant] was led over by her hair to a nearby bench/seating area within the club. She was then bent over and forcibly sexually assaulted, this defendant anally penetrating her with his penis on several occasions. She stated that on numerous occasions during the entire sexual assault she was begging, pleading for him to stop, and the defendant, in a highly intoxicated state, did not abide by those requests and continued the sexual assault for some time until he was finished, then she left when he passed out." At sentencing, the trial court opined that "having presided over these types of cases for a period of eighteen years, [this case is] one of the worst sexual assaults that I have ever seen on the record."

[2] General Statutes § 53a-70 (a) provides in relevant part: "A person is guilty of sexual assault in the first degree when such person (1) compels another person to engage in sexual intercourse by the use of force against such other person . . . or by the threat of use of force against such other person . . . which reasonably causes such person to fear physical injury to such person . . . ."

[3] "Under *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), a criminal defendant is not required to admit his guilt . . . but consents to being punished as if he were guilty to avoid the risk of proceeding to trial. . . . A guilty plea under the *Alford* doctrine is a judicial oxymoron in that the defendant does not admit guilt but acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea nevertheless." (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, 285 Conn. 556, 558 n.2, 941 A.2d 248 (2008).

[4] The defendant testified that he previously had pleaded guilty to a number of felonies before the United States District Court for the Southern District of New York.

[5] During the hearing on the motion to vacate the plea, the court specifically asked the defendant whether he was "familiar with the issue of deportation prior to the date you pleaded guilty in this court." The defendant answered affirmatively.