******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* BLAKE WARNER
(AC 37624)

DiPentima, C. J., and Beach and Flynn, Js.

*Argued January 14—officially released May 3, 2016*

(Appeal from Superior Court, judicial district of Fairfield, geographical area number two, E. Richards, J.)

*Norman A. Pattis*, for the appellant (defendant).

*Bruce R. Lockwood*, senior assistant state's attorney, with whom, on the brief, were *John C. Smriga*, state's attorney, and *Kevin J. Dunn*, senior assistant state's attorney, for the appellee (state).

*Opinion*

DiPENTIMA, C. J. The defendant, Blake Warner, appeals from the denial of his motion to withdraw his guilty pleas, made pursuant to Practice Book § 39-27 (4),[1] and his request for an evidentiary hearing. Specifically, the defendant claims that the court should have conducted an evidentiary hearing to determine if his counsel, Attorney Frank Riccio, Jr., provided ineffective assistance by failing to conduct an independent investigation as to whether a purported witness for the state would testify against him. He also claims that the court "abused its discretion when presented with a prima facie claim of ineffective assistance of counsel—by way of a [*State* v. *Fernando A.*, 294 Conn. 1, 7–8, 981 A.2d 427 (2009)] violation—by flatly denying the defendant an opportunity to be heard on his claim and preventing him from perfecting the record needed for him to present his claim either on direct appeal or through a petition for a writ of habeas corpus."[2] We agree with the parties that the defendant was entitled to an evidentiary hearing regarding Riccio's alleged ineffective assistance. Accordingly, we reverse the judgments of conviction, and remand the case for such a hearing. As to the defendant's *Fernando A.* claim, we conclude that the court did not abuse its discretion by denying his request for an evidentiary hearing regarding the validity of the protective order as a result of the collateral bar rule as stated by our Supreme Court in *State* v. *Wright*, 273 Conn. 418, 425–27, 870 A.2d 1039 (2005).

The following facts and procedural history inform our resolution of this appeal. On October 16, 2014, the defendant pleaded guilty under the *Alford* doctrine[3] to strangulation in the second degree in violation of General Statutes § 53a-64bb and violation of a protective order in violation of General Statutes § 53a-223. In setting forth the factual basis for the plea in the first case, the state recounted that in the early morning of December 9, 2013, the defendant grabbed the victim[4] by the throat, impeding her ability to breathe. At the defendant's arraignment that same day, the court issued a protective order. As to the factual basis for the violation of protective order in the second case, the state noted that on April 4, 2014, pursuant to a search and seizure warrant, the police found weapons in the defendant's attic, in violation of the protective order's prohibition of the possession of weapons.[5] After a canvass, the court accepted the defendant's pleas, finding that they were knowingly and intelligently made with the assistance of counsel. The case was continued to January 5, 2015, for sentencing. The recommended sentence was five years incarceration, execution suspended after two years, and three years probation.

Prior to sentencing, the defendant filed a motion to withdraw his guilty pleas and a motion to vacate the protective order. At the sentencing hearing, new coun-

sel, Attorney Norman A. Pattis, appeared on behalf of the defendant and requested a continuance to hold an evidentiary hearing on the defendant's motion to withdraw his guilty pleas. Pattis set forth two grounds for the motion to withdraw. First, immediately prior to his pleas, the defendant had been informed by Riccio that the state had a witness who would testify that the defendant had made certain inculpatory statements to him. The defendant then decided to enter guilty pleas. After the court accepted the pleas, the defendant confronted the purported witness, who denied that he was prepared to testify against the defendant or that he had heard the defendant inculpate himself. As a basis for withdrawing his pleas, the defendant alleged that Riccio rendered ineffective assistance of counsel by relaying this information to the defendant without first conducting an independent investigation of this witness prior to the defendant's pleas.

Second, Pattis noted that the defendant's pro se motion to vacate also alleged ineffective assistance of counsel as to the imposition of the protective order. Specifically, Pattis claimed that the public defender assigned to the defendant at his arraignment on December 9, 2013, neither requested a hearing pursuant to *State* v. *Fernando A.*, supra, 294 Conn. 25–26, nor asked the defendant if he wanted one. Pattis further argued that the defendant had made it clear that he desired a hearing on the imposition of the protective order.

In response, the state requested that the court proceed with sentencing immediately. After Pattis acknowledged that he was not challenging the adequacy of the plea canvass, the court ruled: "I think that the issues that had been raised should be raised in a habeas corpus proceeding as opposed to an alternative proceeding. So I am going to deny the defense's request for a continuance." After the defendant exercised his right of allocution, the court sentenced him to the total agreed upon sentence of five years, execution suspended after two years to serve and three years of probation. The court entered permanent protective order prohibiting the defendant, inter alia, from assaulting the victim or entering her dwelling. This appeal followed.

In his appellate brief, the defendant claims that the court abused its discretion on two separate instances. "First, the court deprived the defendant of an evidentiary hearing . . . in violation of *State* v. [*Fernando A.*, supra, 294 Conn. 1]. Second, the court refused to provide the defendant with an opportunity to establish a record to support his claim of ineffective assistance of counsel prior to the imposition of sentence . . . ." The state agrees with the latter claim that the defendant was entitled to an evidentiary hearing on his claim that counsel was ineffective for failing to investigate the purported state's witness. As to the defendant's other

ground for withdrawing his plea, namely, that counsel was ineffective at his arraignment for failing to request a hearing regarding the continued viability of the protective order pursuant to *Fernando A.*, the state disagrees that an evidentiary hearing was warranted. For the following reasons, we agree with the parties that the court abused its discretion in denying the defendant an evidentiary hearing as to the claim that Riccio had provided ineffective assistance by failing to conduct an independent investigation of the state's purported witness. Additionally, we agree with the state that the defendant's *Fernando A.* claim fails as a result of the collateral bar rule.

Our standard of review for the trial court's decision on a motion to withdraw a guilty plea under Practice Book § 39-27 is abuse of discretion. See *State* v. *Andrews*, 253 Conn. 497, 505, 752 A.2d 49 (2000). Further, while generally our case law holds that a claim of ineffective assistance of counsel in a criminal matter must be made through a writ of habeas corpus rather than by direct appeal, our rules of practice provide an exception. See Practice Book § 39-27 (4); see also *State* v. *Scales*, 82 Conn. App. 126, 129, 842 A.2d 1158, cert. denied, 269 Conn. 902, 851 A.2d 305 (2004).

In order to prevail on this claim, the defendant "must satisfy two requirements . . . . First, he must prove that the assistance was not within the range of competence displayed by lawyers with ordinary training and skill in criminal law . . . . Second, there must exist such an interrelationship between the ineffective assistance of counsel and the guilty plea that it can be said that the plea was not voluntary and intelligent because of the ineffective assistance." (Internal quotation marks omitted.). *State* v. *Nelson*, 67 Conn. App. 168, 177, 786 A.2d 1171 (2001).

We are guided in our analysis of the defendant's claim here by this court's decision in *State* v. *Salas*, 92 Conn. App. 541, 885 A.2d 1258 (2005). In *Salas*, the defendant was charged with sexual assault in the second degree and risk of injury to a child. Id., 542. The defendant reached a plea agreement with the state, and the court canvassed him regarding his plea of nolo contendere. Id., 543. Following his plea, the defendant obtained new counsel and sought to withdraw his plea. Id. Specifically, his counsel obtained a transcript of the plea canvass and filed motions to withdraw the plea and for an evidentiary hearing. Id. The court denied the motions filed on behalf of the defendant. Id.

On appeal, the defendant in *Salas* argued that the court improperly denied his motion for an evidentiary hearing. Id., 544. Specifically, he claimed that "because he offered allegations of specific, demonstrative incidents of his attorney's ineffectiveness . . . the court abused its discretion in denying his motion for an evidentiary hearing." (Internal quotation marks omitted.)

Id. At the outset of our analysis, we recited the following: "After a guilty plea is accepted but before the imposition of sentence the court is obligated to permit withdrawal upon proof of one of the grounds in [Practice Book § 39-27]. An evidentiary hearing is not required if the record of the plea proceeding and other information in the court file conclusively establishes that the motion is without merit. . . .

"In considering whether to hold an evidentiary hearing on a motion to withdraw a guilty plea the court may disregard any allegations of fact, whether contained in the motion or made in an offer of proof, which are either conclusory, vague or oblique. For the purposes of determining whether to hold an evidentiary hearing, the court should ordinarily assume any specific allegation of fact to be true. If such allegations furnish a basis for withdrawal of the plea under [§ 39-27] and are not conclusively refuted by the record of the plea proceedings and other information contained in the court file, then *an evidentiary hearing is required.*" (Emphasis in original; internal quotation marks omitted.) Id. We further noted that the burden was on the defendant to show a plausible reason for the withdrawal. Id., 545.

After reviewing the transcript from the plea canvass and the affidavits submitted on behalf of the defendant in *Salas*, we concluded that the trial court erred by not conducting an evidentiary hearing. Id., 550. "The record of the plea proceeding does not conclusively refute the allegations of fact in the defendant's motion and accompanying affidavits. . . . Therefore, an evidentiary hearing was required." (Citations omitted.) Id., 550–51. Accordingly, we reversed the judgment and remanded the case for an evidentiary hearing. Id., 551.

Similarly, in the present case, the defendant alleged that because of Riccio's failure to investigate the purported state's witness, his subsequent plea was unknowing and involuntary. There was nothing to conclusively refute this allegation of fact before the trial court. We are in accord with both the state and the defendant in concluding that the court should have provided the defendant with an opportunity to develop that claim fully. We conclude, therefore, that the judgment must be reversed and the case remanded for an evidentiary hearing.[6] See id.

As for the second ground for withdrawing his plea, the defendant asserts that the court should have permitted an evidentiary hearing for his claim that his assigned public defender was ineffective in not requesting a hearing pursuant to *State* v. *Fernando A.*, supra, 294 Conn. 7–8. We are not persuaded. The defendant was obligated to obey the protective order, regardless of whether it was issued improperly. His claim, predicated on his constitutional right to the effective assistance of counsel, amounts to a collateral attack on the protective order. He is barred from challenging its propriety as a

result of the collateral bar rule.

In *State* v. *Wright*, supra, 273 Conn. 424–31, our Supreme Court rejected the claim that the invalidity of a protective order constitutes a cognizable defense to violating that protective order under our law. In reaching this conclusion, it relied on its analysis in *Cologne* v. *Westfarms Associates*, 197 Conn. 141, 496 A.2d 476 (1985), that a party must obey a court order and a contempt hearing "does not open to reconsideration the legal or factual basis of the order alleged to have been disobeyed . . . . " (Internal quotation marks omitted.) *State* v. *Wright*, supra, 425. It noted that this doctrine, known as the collateral bar rule, applied both in cases of civil contempt and when a defendant attempted to attack the validity of a court order in a criminal proceeding. Id., 426. Specifically, it stated: "Our endorsement of that rule in *Cologne* leads us to conclude that the defendant . . . should not be allowed to challenge the validity of the protective order that he is charged with violating . . . ." Id.[7]

The court in *Wright* also rejected the defendant's contention that he was denied the constitutional right to an attorney when he appeared at the protective order hearing without counsel. Id., 432–33. Specifically, he argued that "the presence of an attorney at that hearing would have prevented the court from issuing the invalid order in the first place." Id., 433. Our Supreme Court responded: "We nonetheless conclude that the defendant's right to counsel claim simply amounts to another impermissible collateral attack on the protective order that he was convicted of violating. . . . The fact that his claim is couched in constitutional principles does not render it exempt from the collateral bar rule. That doctrine applies not only when a defendant challenges an order on the basis of factual error but also when he contends that the order is invalid because its issuance does not comport with constitutional law." (Citation omitted.) Id.

In the present case, the defendant's *Fernando A.* claim is barred by the collateral bar rule as described in *State* v. *Wright*, supra, 273 Conn. 425–27. After being convicted of violating the protective order, he cannot now challenge the validity of that order, even on constitutional principles. We conclude, therefore, that the court did not abuse its discretion in denying the motion to withdraw the defendant's guilty plea on the basis of his *Fernando A.* claim.

The judgments are reversed and the case is remanded for an evidentiary hearing to determine whether the defendant should be allowed to withdraw his guilty pleas on the basis of his claim that his counsel rendered ineffective assistance by failing to investigate the state's purported witness, and for further proceedings according to law.

In this opinion the other judges concurred.

[1] Practice Book § 39-27 provides in relevant part: "The grounds for allowing the defendant to withdraw his or her plea of guilty after acceptance are as follows . . . (4) The plea resulted from the denial of effective assistance of counsel. . . ."

[2] In *State* v. *Fernando A.*, supra, 294 Conn. 25–26, our Supreme Court held that "after a criminal protective order has been issued at arraignment, a defendant is entitled, upon his request made at that time, to a more extensive hearing to be held within a reasonable period of time about the continued necessity of that order. At that second hearing, the state bears the burden of proving, by a fair preponderance of the evidence, the continued necessity of the criminal protective order in effect since the defendant's arraignment." (Footnote omitted.)

[3] "Under *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), a criminal defendant is not required to admit his guilt . . . but consents to being punished as if he were guilty to avoid the risk of proceeding to trial. . . . A guilty plea under the *Alford* doctrine is a judicial oxymoron in that the defendant does not admit guilt but acknowledges that the state's evidence against him is so strong that he is prepared to accept the entry of a guilty plea nevertheless." (Internal quotation marks omitted.) *State* v. *Celaj*, 163 Conn. App. 717, 718–19 n.3,      A.3d      (2016).

[4] In accordance with our policy of protecting the privacy interests of the victim of the crime of criminal violation of a protective order, we decline to identify the victim or others through whom the victim's identity may be ascertained.

[5] The protective order had stated that the defendant was to "surrender or transfer all firearms and ammunition."

[6] We note that our consideration of this issue is limited solely to whether the defendant was entitled to a hearing. We make no determination of whether Riccio provided ineffective assistance of counsel to the defendant.

[7] The court noted that "[i]f the defendant believed that the order did not comport with the statutory requirements of [General Statutes] § 46b-38c (e), he had two lawful remedies available to him. He could have: (1) sought to have the order modified or vacated by a judge of the Superior Court pursuant to Practice Book § 38-13; or (2) appealed the terms of the order to the Appellate Court in accordance with General Statutes § 54-63g." (Footnote omitted.) *State* v. *Wright*, supra, 273 Conn. 426.